# Carter *et al.* v. The State.

*Indictment for Grand Larceny.*

1. *Charge to the jury; evidence of character.*—Where on a trial under an indictment for larceny, the defendant, after introducing evidence of his good general character for honesty, testifies as a witness, it is not error to charge the jury that "the evidence of a defendant's good character is not evidence of his truthfulness as a witness."

2. *Same; each juror must be satisfied beyond a reasonable doubt.*—The concurrence of all the jurors is essential to a verdict; and in a criminal case it is error to refuse to intruct the jury, that each juror must be convinced of defendant's guilt beyond a reasonable doubt, before they can convict.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN R. TYSON.

The facts of this case are sufficiently stated in the opinion.

GAMBLE & POWELL, for appellants, cited *Stitz v. State*, 104 Ind. 359; *Castle v. State*, 75 Ind. 146; *Clem v. State*, 42 Ind. 420; 19 Amer. & Eng. Encyc. of Law, 1080.

WM. L. MARTIN, Attorney-General, for the State.— The charge of the court as to good character was proper. *Jackson v. State*, 94 Ala. 85; *Gibson v. State*, 89 Ala. 121. The charges asked by defendants as to each of the jurors being satisfied beyond a reasonable doubt of defendant's guilt to justify a conviction were properly refused.—*Carpenter v. State*, 98 Ala. 32; *Hughes v. Anderson*, 68 Ala. 280; *Peterson v. State*, 74 Ala. 37.

HEAD, J.—The defendants, Wm. Carter and Major Gibson, were tried and convicted for the larceny of a hog. Wm. Carter testified as a witness in his own behalf, giving evidence tending to exculpate himself. The State introduced a witness who testified that Carter's character was bad for truth. The other defendant was not impeached, but he gave evidence of his good general character for honesty. The court instructed the jury

[Carter *et al.* v. The State.]

that, "the evidence of a defendant's good character is not evidence of his truthfulness as a witness." Carter did not reserve an exception to this instruction, but Gibson did. No error was committed available to Gibson. His character as a witness had not been put in issue. He put in issue his general character for honesty, as touching the question of his guilt or innocence. That evidence could not be considered to add to his credibility as a witness. This was the effect of the instruction, so far as he was concerned.

The defendants requested in writing the following charges, separately : "Unless each of you is convinced beyond a reasonable doubt of the guilt of the defendants, from the evidence in the case, then you should not convict them." "Before you can convict the defendants you should each be convinced beyond a reasonable doubt of their guilt from the evidence and the evidence alone."

These charges were severally refused, and the defendants excepted to each refusal. That the court erred seems too plain for argument. There is nothing better settled in our jurisprudence than that the concurrence of all the jurors is essential to a verdict in all cases, civil and criminal; as well settled as the other principle, that the jurors, in a criminal case, must be satisfied beyond a reasonable doubt of the defendant's guilt, before there can be a conviction. It is, logically, impossible to apply these principles and hold that a conviction of a criminal charge may be had although one of the jurors may not believe beyond a reasonable doubt that guilt has been established. Each juror must be satisfied beyond a reasonable doubt that the accused is guilty before there can be a conviction. This right is so securely guarded that when a verdict of conviction is read, the defendant may have the jury examined by the poll to make sure that it is the verdict of each juror. For the refusal to give the charges the judgment is reversed and the cause remanded. Let the prisoners remain in custody until discharged by due course of law.

Reversed and remanded.