# Cunningham *v.* The State.

*Indictment for Arson.*

1. *Trial and its incidents; procedure when demurrer to indictment sustained.*—Where a demurrer to an indictment is sustained, and the defendant declines to consent to an amendment of the indictment, the court has authority, under the statute, (Code of 1896, § 4918; Code of 1886, § 4390), to "order another indictment to be preferred at the same, or at a subsequent term;" and after directing that a new indictment be preferred at the next term, the court has the power to change the order on the succeeding day of the term, so as to direct that the second indictment be preferred at the then present term, the defendant being present at the time of making the change.

2. *Granting or refusal of continuance within the discretion of the trial court.*—The granting or refusal of an application for a continuance is a matter within the sound discretion of the trial court; and the exercise of this discretion is not revisable on appeal.

3. *Arson; introduction in evidence of certified copy of a statute; when objection without merit.*—On a trial under an indictment for arson, where the ownership of the building alleged to have been burned is laid in "The Louisville & Nashville Railroad Company, a corporation," an objection to the introduction in evidence of a certified copy of the act incorporating the "Louisville & Nashville Railroad Company, a corporation," on the ground that the indictment alleges the ownership to be in "The Louisville & Nashville Railroad Company, a corporation," is purely technical and without merit.

4. *Argument of counsel to jury; available on error.*—Where counsel in his argument to the jury makes a statement as a fact, and the fact stated is unsupported by any evidence, such statement is unauthorized, and if not corrected by the trial court will warrant a reversal of the case, upon exception being reserved thereto by the opposite party; but this rule does not apply to a statement made as an inference from the testimony, which falls within the legitimate limits of argument of counsel to the jury.

[Cunningham v. The State.]

5. *Arson in the second degree; charge as to value of property burned.* On a trial under an indictment charging arson in the second degree, where there is no testimony tending to show that the house that was the subject of the arson was of less value than five hundred dollars, a charge which instructs the jury that if they believe that the value of the house is less than five hundred dollars they can not convict the defendant of arson in the second degree, is erroneous and properly· ·refused.

6. *Same; same.*—Where an indictment charges the defendant with having willfully set fire to and burned a warehouse, which, with the property therein contained, was of the value of fifteen hundred dollars, and on the trial the testimony, without conflict, tended to show that the value of· the warehouse alone was worth more than five hundred dollars, there was no variance between the allegation and proof of the value of the property as alleged in the indictment; and a charge is erroneous and properly refused which instructs the jury that "if the jury believe from the evidence that the value of the property as proven is less than the value alleged in the indictment, the jury must find the defendant not guilty."

7. *Same; charge as to ownership.*—Where, in an indictment for arson, there are two counts charging the destruction of the same property, the first alleging the ownership in one party and the second in another, a charge instructing the jury as to one of the counts only, where there is no evidence that separate offenses were committed, is properly refused:

8. *Verdict of jury in criminal case; what necessary.*—Although in a criminal case the law requires that each juror must be legally convinced of the guilt of the defendant, or there can be no conviction, the law does not require the acquittal of the accused because one or more of the jurors may not be legally convinced of his guilt; and a charge is erroneous which instructs the jury that "If there be one juryman, who believes the State has not proven the defendant guilty beyond a reasonable doubt, and to a moral certainty, then this juryman should not consent to a verdict of guilty."

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. N. D. DENSON.

The appellant was indicted, tried and convicted for arson, and sentenced to the penitentiary for four years. The indictment contained two counts. The first count charged the· defendant with willfully setting fire to and burning a warehouse, the property of the South & North Alabama Railroad Company, a corporation under the laws of the State of Alabama; the warehouse, with the property therein contained, being of the value of $1,500. In the. second count, the warehouse was alleged to be

the property of the Louisville & Nashville Railroad Company, a corporation under the laws of the State of Kentucky, and the warehouse and property contained therein being of the value of $1,500.

The bill of exceptions recites that ''At the spring term, 1894, of the circuit court of Elmore county, an indictment was returned against this defendant for the same offense charged against him in this indictment in this case. The trial of defendant on said first indictment was set for the 10th day of January, 1898, of the special term. On said day, when the case was sounded for trial, the defendant demurred to the indictment, which demurrer the court sustained, and the defendant declining to allow the indictment to be amended, before the jury was selected in the case and before the jury retired the prosecution was dismissed, and the court made an order binding the defendant over to answer an indictment to be found by the grand jury at the next term of the court, and fixed the defendant's bail at $200, which order was entered on the minutes of the court, and the defendant not being able to make the required bond, was put in jail by the sheriff. On the following morning, the 11th of January, the solicitor in open court reminded the court that the grand jury for the present special term of the court was still in session, and that the defendant Dave Cunningham could be indicted at the present term of the court. The court thereupon had Cunningham brought into open court and in his presence and in the presence of his counsel (the defendant being still in custody), set aside that part of the order made in the case the day before, requiring the defendant to answer at the next term of the court, and bound the defendant over to answer at this term, an indictment to be preferred at this term, by the grand jury, and fixed the defendant's bond at $200. The defendant objected to this action of the court and excepted to the overruling of his objection by the court. Objection and exception was duly made. On the 11th day of January, 1898, the grand jury returned against the defendant the indictment in this case, which is for the same offense as that charged in the indictment, which was demurred to and quashed. The court had the defendant brought into open court on the 11th of January, after the indictment had been

returned by the grand jury, and the trial on the indict-
ment was fixed for the 14th of January, 1898."

Upon calling the witnesses for the trial of the case,
some of the witnesses for the defendant were absent.
The defendant stated that these witnesses were material
witnesses and asked the court for a continuance of the
case. The court declined to continue the case, but put
the State to the admission of the showing as to what the
absent witnesses would testify. The defendant duly
excepted to this ruling.

There was evidence introduced on the part of the State
tending to show the burning of the warehouse, that it
was the property of the South & North Alabama Rail-
road Company, and that it was set fire to by the defend-
ant. The value of the warehouse and its contents were
estimated by the different witnesses from $750 to $1,500.

The State offered in evidence a copy of the acts of the
General Assembly of Alabama, containing an act incor-
porating the South & North Alabama Railroad Company,
by which act there was conferred, among other powers,
upon said corporation, the power to acquire and own
real estate, and to construct and own a railroad and sta-
tion houses along its line from Montgomery, Alabama,
to Decatur, Alabama. This act was passed long before
the fire. The State also offered in evidence a document
purporting to be a certified copy of an act of the General
Assembly of the commonwealth of Kentucky, for the
purpose of proving the corporate name and powers of
the Louisville & Nashville Railroad Company. The de-
fendant objected to the introduction of said document in
evidence, upon the grounds, first, that it was not the
best evidence of the corporation; and, second, because
the indictment reads "The Louisville & Nashville Rail-
road Company, a corporation," and the certified copy
offered in evidence was the "Louisville & Nashville Rail-
road Company, a corporation." The court overruled
this objection, allowed the document to be introduced in
evidence, and to this ruling the defendant duly excepted.

There was testimony in behalf of the defendant tend-
ing to show that one Charlie Zeigler set fire to the ware-
house in question. Said Zeigler was arrested, and one
of the State's witnesses testified that while said Zeigler
was in jail, he, the witness, carried the defendant to the
jail where Zeigler was confined, and when confronted

with the defendant, Zeigler appeared to be very angry, and said to the defendant that he had falsely accused him, and denied, in the presence of the witnesses, having anything to do with the burning, to all of which the defendant made no reply. There was also evidence that Zeigler was indicted for arson, charged with the burning of this same warehouse, and that the case against him had been *nol prossed* at the spring term of the court, 1894, but it was not shown why the case was *nol prossed*.

The bill of exceptions then recites : "The defendant's attorney in his argument to the jury said to them, that Charlie Zeigler was the man that did the burning, and that an indictment was preferred against him and was *nol prossed*, but that no reason was assigned for the *nol pross*, and that he knew no reason for it. The solicitor in his concluding argument to the jury in reply to the reference to the *nol pross* of the case against Zeigler, said no reason has been assigned for *nol prossing* the case, but the defendant's silence at the jail, when Zeigler told him he had accused him falsely and that he never knew him, would be a sufficient reason if none other were assigned for *nol prossing* the case, as defendant did not deny Zeigler's statement and said nothing. To this argument and statement by the solicitor the defendant objected, because there had been no evidence offered to show why the indictment against Zeigler had been *nol prossed*. The court replied that while the evidence did not show any reason for *nol prossing* the case against Zeigler, yet the solicitor might in reply to defendant's attorney's argument, argue the statement as an inference. The court overruled defendant's objection to the solicitor's argument, as stated, and the defendant duly excepted."

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "If the jury believe from the evidence that the value of the warehouse exclusive of the depot connected with it, is less than $500, then the jury can not convict the defendant of arson in the second degree, under the indictment." (2.) "If the jury believe from the evidence that the value of the property as proven is less than the value

[Cunningham v. The State.]

alleged in the indictment, the jury must find the defendant not guilty." (3.) "If the jury from the evidence are not satisfied beyond a reasonable doubt, that the property burned was in the possession of the Louisville & Nashville Railroad Company, they must acquit the defendant." (4.) "The property found in the possession of the defendant, is a mere circumstance against the defendant, and if possession of the goods have been satisfactorily explained to the jury, you must acquit the defendant, and you must believe the defendant guilty beyond a reasonable doubt and to a moral certainty, before you can convict." (5.) "The property found in the possession of the defendant, is a circumstance against the defendant, and if possession of goods have been satisfactorily explained to the jury, you must acquit the defendant, and you must believe the defendant guilty beyond a reasonable doubt and to a moral certainty, or you ought to acquit him." (6.) "If there is no evidence that Dave Cunningham was called on to reply when Charlie Zeigler said Dave had falsely charged him, then there was no necessity for Dave Cunningham to reply, and the place and all the circumstances may be taken into consideration by the jury." (7.) "If there be one juryman who believes the State has not proven the defendant guilty beyond a reasonable doubt, and to a moral certainty, then this juryman should not consent to a verdict of guilty." (8.) "If the jury believe the evidence, you will find the defendant not guilty."

H. J. Lancaster, for appellant.

William C. Fitts, Attorney-General, for the State, cited *Lowery v. State*, 98 Ala. 46; *Jefferson v. State*, 110 Ala. 89; *Goldsmith v. State*, 105 Ala. 8; *Pickens v. State*, 115 Ala. 42.

BRICKELL, C. J.—A demurrer to the first indictment having been interposed and sustained, and the defendant having declined to consent to an amendment of the indictment, the court was authorized to "order another indictment to be preferred at the same, or at a subsequent term."—Code of 1896, § 4918, ( Code of 1886, § 4390). It is of no consequence that the order, as first

made, directed that the new indictment be preferred at the next term, and that the court, on the succeeding day of the term—the defendant being present—changed the order so as to direct the second indictment to be preferred at the then present term. The power and authority of the court to so change its order cannot be doubted. We do not wish to be understood, however, as assenting to the proposition that the validity or regularity of the order holding the defendant to answer a second indictment is pertinent to any issue presented in the trial upon the second indictment, no question of former jeopardy, nor of the statute of limitations intervening.—Code of 1896, § § 5067, 5075.

The granting or refusal of the application for a continuance is left to the sound discretion of the trial court, and its action thereon is not revisable by this court.— *DeArman v. State*, 77 Ala. 10 ; *White v. State*, 86 Ala. 69 ; *Walker v. State*, 91 Ala. 76 ; *Lowery v. State*, 98 Ala. 45 ; *Carr v. State*, 104 Ala. 4.

The objection interposed by the defendant to the admission in evidence of the certified transcript of the charter of the Louisville & Nashville Railroad Co. was purely technical and without merit.

The remarks of the solicitor, made in reply to the argument of counsel for the defendant, touching the dismissal of the prosecution against the witness Zeigler, if properly presented for review, are not subject to objection ; they were made as an argument or inference and not as the statement of a fact.—*Hobbs v. State*, 74 Ala. 39 ; *Jefferson v. State*, 110 Ala. 89.

The statute makes the willful burning of a warehouse arson in the second degree, if the property be of the value of five hundred dollars, or more ; if it be of less value than five hundred dollars, the offense is arson in the third degree.—Code of 1896, § § 4337, 4340 ; *James v. State*, 104 Ala. 20. The bill of exceptions contains no testimony tending to show the value of the warehouse, the subject of the arson in this case, to have been of less value than five hundred dollars, hence charge numbered 1, requested by the defendant, was properly refused. Nor was the State required to prove the property to have been of the exact value alleged in the indictment. The testimony, without conflict, tending to show that the value of the warehouse alone was more than five hun-

[Cunningham v. The State.]

dred dollars, there was no variance between the allegation and the proof of value. Charge numbered 2 was, therefore, properly refused.

The indictment contains two counts, one alleging the ownership of the property to have been in the South & North Alabama Railroad Company, the other alleging it to have been in the Louisville & Nashville Railroad Company. Such joinder of counts, made with the view of meeting any phase of the testimony, the offenses charged being of the same family of crimes, is a practice which has long been sanctioned by this court. If, in such case, the testimony tends to develop separate and distinct offenses, the court will require the prosecution to elect on which offense a conviction is claimed.—3 Brick. Dig. 268, § § 242-3 ; *Butler v. State*, 91 Ala. 87 ; *Tanner v. State*, 92 Ala. 1 ; *Rollins v. State*, 98 Ala. 79 ; *Upshur v. State*, 100 Ala. 2. The charge numbered 3, requested by the defendant, was properly refused ; its tendency being to restrict the jury to the first count in the indictment when no cause for an election by the prosecution had been presented and no election had been required by the court.

Charges numbered 4 and 5 are argumentative, invasive of the province of the jury, and were calculated to confuse and mislead.

In *Carter v. State*, 103 Ala. 93, it was held error to refuse a charge requested by the defendant in the following words : "Unless each of you is convinced beyond a reasonable doubt of the guilt of the defendants, from the evidence in the case, then you should not convict them." In *Goldsmith v. State*, 105 Ala. 8, a charge that "if any one of the jurors has a reasonable doubt of the guilt of the accused, they must acquit him," was held properly refused ; the law not requiring an acquittal of the defendant because one or more of the jurors may not be legally convinced of his guilt. A similar charge was held properly refused in *Pickens v. State*, 115 Ala. 42. Charge numbered 7, requested by the defendant in the present case, is as follows : "If there be one juryman who believes the State has not proven the defendant guilty beyond a reasonable doubt, and to a moral certainty, then this juryman should not consent to a verdict of guilty." Aside from the inartificial manner in which the charge is drawn, it is vicious in that it is calculated to impress

the mind of a juror with the idea that his verdict must be reached and adhered to without the aid of that consideration and deliberation with his fellow jurors which the law intends shall take place in the jury room.

The general charge was properly refused.

Affirmed.

