[Hale v. The State.]

# Hale *v.* The State.

## *Indictment for Burglary.*

1. *Criminal law; charge to the jury; credibility of witness.*—In a criminal case, a charge which instructs the jury that if they find that a certain named witness for the State, who testified in the case was of bad character, or had made contradictory statements as to material facts in the case, they may look to such bad character, or may consider the contradictory statements in determining the credence to be given to his testimony, is not subject to the objection that it gives undue prominence to particular parts of the evidence; but such charge comes within the recognized exception to that rule and should be given at the request of the defendant.

2. *Same; same.*—In a criminal case, a charge which instructs the jury that "If any individual juror is not convinced of defendant's guilt beyond all reasonable doubt, and to a moral certainty, the jury can not convict," is free from error and should be given at the request of the defendant.

3. *Same; same.*—On a trial under an indictment for burglary, where the evidence for the State shows that the defendant was in possession of the goods which were taken from the store burglarized, a charge which instructs the jury that while "recent possession of stolen goods, if unexplained, may justify a conviction, yet, if the defendant has explained his possession of the goods to the reasonable satisfaction of the jury; and if upon a fair consideration of all the evidence the jury have a reasonable doubt growing out of any part of the evidence as to the defendant's guilt, the jury must acquit him," asserts a correct legal proposition as to the law in respect of the recent possession of stolen goods, and is a proper instruction as to the reasonable doubt which may have been created by a part of the evidence and should be given at the request of the defendant.

4. *Same; same.*—In a criminal case, a charge which instructs the jury that they have "a right to look to the reasonableness or unreasonableness of any testimony, and if the jury believe the statement of any witness to be unreasonable and contrary to the observation and experience of the jury, the jury may disregard such testimony entirely," is properly refused as

having a tendency to mislead the jurors to test the reasonableness of the testimony solely by their own experience and observation.

5. *Burglary; charge to the jury as to ownership of the house burglarized.*—Where an indictment charging burglary avers the ownership of the store burglarized in a certain person, but the evidence shows that the building was owned by another, though it was occupied as a store-house by the person named in the indictment, it is immaterial who was the owner of the store; and a charge which instructs the jury that if the store was the property of another person than the one averred in the indictment, the defendant should be acquitted, is erroneous and should be refused.

6. *Same; charge as to reasonable doubt.*—On a trial under an indictment for burglary, where the evidence shows that defendant was found in possession of the goods stolen from the store burglarized, a charge which instructs the jury that if they had a reasonable doubt from the evidence as to whether the defendant stole the goods found in his possession, or as to whether he broke and entered into the storehouse, from which they were taken, with the intent to steal, they must acquit the defendant, is erroneous and properly refused, in that it would have required an acquittal upon a reasonable doubt as to the actual stealing, although the jury may have had no doubt about the breaking and entering of the building with the intent to steal.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

The appellant Fayette Hale was tried and convicted under an indictment which charged that he "with intent to steal broke into and entered the store of Schele Mc-Connell, in which goods, merchandise or clothings, things of value were kept for use, sale or deposit," &c.

J. L. McConnell as a witness for the State, testified that the storehouse burglarized belonged to him, but that Schele McConnell, his son, occupied it and carried on a mercantile business therein with the witness' permission. It was shown by the evidence for the State that the storehouse so occupied by Schele McConnell was broken into and several articles of merchandise taken therefrom.

[Hale v. The State.]

Bud Garrett, a witness for the State, testified to the facts of the burglary, stating that he stood on the outside of the store and watched while the defendant entered the store and obtained the goods taken therefrom.

The evidence for the defendant tended to show that on the night of the alleged burglary, he was at his house and he did not leave there until next morning. The defendant, as a witness in his own behalf, and the other witnesses introduced by him, testified that about the middle of the night the burglary was alleged to have been committed, Bud Garrett came to the house of the defendant and brought the articles of merchandise which were subsequently found in the house of the defendant; that Garrett owed the defendant's wife for washing, and he gave her a pair of shoes in payment thereof; that the pair of pants found in the defendant's house were given to the defendant by Garrett for doing some hauling for him, and that the other articles so found were brought to the defendant's house by said Garrett.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that the jury has a right to look to the reasonableness or unreasonableness of any testimony, and if the jury believe the statement of any witness to be unreasonable, and contrary to the observation and experience of the jury, the jury may disregard such testimony entirely." (2.) "The court charges the jury that if the building which was broken and entered into, was the property of John L. McConnell and not of Schele McConnell, the jury can not convict the defendant." (3.) "The court charges the jury that if after considering all the evidence, the jury have a reasonable doubt as to defendant's guilt, growing out of the evidence of Bud Garrett, the jury must acquit the defendant." (4.) "The court charges the jury that if they have a reasonable doubt as to the defendant's guilt, as charged in the indictment, growing out of the entire evidence or any part thereof, they must give the defendant the benefit of this doubt and acquit him." (5.) "The court charges the jury that if they find from the evidence

in this case that Bud Garrett is of a bad character, then the jury may look to this bad character, in determining what credence, if any, they will give to the testimony of said Bud Garrett." (6.) "The court charges the jury that if they find from the evidence that Bud Garrett has made contradictory statements as to the material facts in this case or any of such facts, the jury may look to these contradictory statements in order to determine what credence they will give to the testimony of said Bud Garrett." (7.) "If any individual juror is not convinced of defendant's guilt beyond all reasonable doubt and to a moral certainty, the jury cannot convict." (8.) "The court charges the jury, while the law is that the recent possession of stolen goods, if unexplained, may justify a conviction; yet, if defendant has explained his possession of the goods to the reasonable satisfaction of the jury, and if upon a fair consideration of all the evidence, the jury have a reasonable doubt growing out of any part of the evidence as to defendant's guilt, the jury must acquit him." (9.) "The court charges the jury that even if defendant was found in possession of the stolen goods, yet, if the jury have a reasonable doubt from the evidence, as to whether defendant stole them, or as to whether he broke and entered into the storehouse with the intent to steal, the jury must acquit the defendant."

J. L. BURNETT and H. W. CARDEN, for appellant.

CHAS. G. BROWN, Attorney-General, for the State. The court did not err in its charge as to the ownership of the storehouse.—*Matthews v. State*, 55 Ala. 65; *Ex parte Vincent*, 26 Ala. 145; *Clark's Crim. Law*, 144, § 873; 149, § 899.

The first charge is misleading and erroneous in this, it makes the credibility of any testimony depend solely on the jury's opinion as to its reasonableness, or "its being contrary to their observation and experience."—*Crawford v. State*, 112 Ala. 26.

The other charges requested by the defendant were properly refused.—*Crawford v. State*, 112 Ala. 1; *Terry*

[Hale v. The State.]

*v. State,* 120 Ala. 286; *King v. State,* 120 Ala. 329; Nicholson *v. State,* 117 Ala. 32; *Smith v. State,* 88 Ala. 73.

McCLELLAN, C. J.—Charges 5 and 6, requested by defendant, are "not offensive to the rule against giving undue prominence to particular parts of the evidence, but come within the exception to that rule as laid down in the cases of *Harris v. State,* 96 Ala. 24, and *Smith v. State,* 88 Ala. 73."—*Roberts v. State, Ante,* p. 47; 25 So. Rep. 238, 241. The trial court erred in refusing them.

Several charges asked by defendant bearing a similitude to charge 7 refused by the circuit court to this defendant have recently been brought under review in this court. Some of them have been held bad and others good, depending upon whether the particular · charge under consideration asserted simply and only that the defendant should not be convicted so long as any one of the jurors had a reasonable doubt of his guilt. If it was clear to this intent, and did not tend to mislead the jury to an *acquittal* upon a reasonable doubt of one, or any number of the jurors less than the whole number, nor to inculcate the idea that the conclusion of each juror should be reached and adhered to "without the aid of that consideration and deliberation with his fellows which the law intends shall take place in the jury room," nor to render each juror the keeper of the consciences of his fellows, nor involve other misleading tendencies, the charge has been held to be good, and if it went beyond this it has been disapproved.—*Carter et al. v. State,* 103 Ala. 93; *Goldsmith v. State,* 105 Ala. 8; *Pickens v. State,* 115 Ala. 42; *Cunningham v. State,* 117 Ala. 59, 66; *Lewis v. State,* 120 Ala. 339. These cases show the line of demarkation between good and bad charges of this general nature, and upon them it is clear that charge 7 refused to this defendant is of the former class, and should have been given.

Charge 8 should also have been given. It correctly states the law in respect of possession of stolen goods and the explanation offered of such possession, and declares that if the possession shown in this case has been explained to the reasonable satisfaction of the jury, and

upon a fair consideration of all the evidence they have a reasonable doubt growing out of any part of the evidence as to defendant's guilt, he should be acquitted. This instruction does not authorize acquittal on a reasonable doubt resting on a part of the evidence only, but upon such doubt which may have been created by a part of the evidence, but remains after a fair consideration of all the evidence, and thus rests upon the whole evidence. Charge 3 refused to the defendant is upon like considerations free from infirmity.

Charge 1 was bad because of its tendency to mislead the jurors to test the reasonableness of testimony solely by their own experience and observation. They may have had no experience or opportunity for observation in respect of like situations and occurrences, or the facts deposed to may have been inconsistent with their own experience and observation, and yet they may have had information and knowledge of the ordinary experiences and observations of mankind in the premises with which the testimony might have comported.

Schele McConnell occupying the building as a store, it was immaterial that it belonged to John L. McConnell. Charge 2 was, therefore, properly refused.

Charge 4 was bad.—*Nicholson v. State,* 117 Ala. 32.

The reasonable doubt hypothesized in charge 9 is alternative, *i. e.* whether defendant stole the goods, or whether he broke into the house. The charge would have required an acquittal of burglary upon a reasonable doubt of the actual stealing when the jury might have had no doubt of the breaking and entry with intent to steal; and is therefore abstractly unsound.

For the errors pointed out the judgment must be reversed. The cause is remanded.

Reversed and remanded.