# B'ham Ry. L. & P. Co. v. Goldstein.

## *Injury to Passenger.*

(Decided February 13, 1913.　61 South. 281.)

1. *Pleadings; Necessity of Allegation; Construction.*—Where the action was for injury to a passenger caused by a collision of the street car on which he was riding, with a railroad train, a complaint charging the relation of the parties, the collision and the injury, and averring that "said servant or agent in charge or control of said car, acting within the line and scope of his authority as such, wantonly or intentionally," etc., was not rendered uncertain in the use of the word "said," although no servant or agent had been mentioned before in the complaint, the word being superfluous and capable of being omitted because of a want of an antecedent to which it could refer.

2. *Carriers; Passengers; Injuries; Name of Servant or Agent.*— The matter of the name of the servant in charge of a car is best known to the defendant corporation, and the passenger is not presumed to have knowledge on this point; hence, the complaint in an action for damages to a passenger which alleges that the injury was wantonly or willfully inflicted by the agents or servants of defendant, who were in charge of the car, and while acting within the scope of their authority was not insufficient because it failed to give the names of the agents or servants or to state definitely whether it was the motorman or conductor who caused the injury.

3. *Damages; Passengers; Pleading.*—An allegation in the complaint that plaintiff "was crippled and disfigured, and a bump was caused to be upon his head" is sufficient to sustain a verdict for damages as for permanent injury, as it is not necessary that it be alleged in terms that the injuries were permanent.

4. *Charge of Court; Weight and Sufficiency of Evidence.*—A charge asserting that plaintiff could not recover damages, "if, after a careful consideration of all the evidence, any of the individual jurors is reasonably satisfied from any material part of the evidence that he ought not to recover," was not improperly refused, where the main question litigated was as to the kind and amount of damages rather than the right to recover it all; hence, the charge in this case was calculated to mislead the jury, although unanimity is essential to a verdict.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Joe Goldstein against the Birmingham Railway, Light & Power Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts and pleading are sufficiently set out in the opinion. The following is the charge referred to: "The plaintiff cannot recover damages in this case, if, after a careful consideration of all the evidence, any of the individual jurors are reasonably satisfied from any material part of the evidence that he ought not to recover."

TILLMAN, BRADLEY & MORROW, and E. L. ALL, for appellant. The averments of the count were vague and uncertain, and the demurrers should have been sustained.—*B. R., L. & P. Co. v. Weathers*, 51 South. 303; *A. B. & A. v. Wood*, 49 South. 427; *Scott v. Rawls*, 48 South. 710; *Crawford v. Ingram*, 47 South. 712; *Wes. Assur. Co. v. McGlathery*, 115 Ala. 213. The defendant was entitled to have the jury instructed that under the pleadings plaintiff was not entitled for permanent injuries as none were alleged. The court erred in refusing to give charge 8, requested by defendant.—*B. R., L. & P. Co. v. Moore*, 148 Ala. 128; *Mitchell v. State*, 129 Ala. 23; *Carter v. State*, 103 Ala. 93; *Grimes v. State*, 105 Ala. 86.

HARSH, BEDDOW & FITTS, for appellee. There is nothing substantial or meritorious in the demurrer.—*David v. David*, 66 Ala. 148; 31 Cyc. 73; 20 Minn. 418; 9 Johns. 317; sec. 5340, Code 1907; *Morgan v. Shepherd*, 156 Ala. 404; *So. Ry. v. Weatherlow*, 164 Ala. 151; *Mobile E. Co. v. Sanges*, 169 Ala. 341. The complaint was sufficient to sustain the verdict for permanent injury. —*B. R., L. & P. Co. v. Brown*, 150 Ala. 331; 29 L. R. A. 287, and cases cited. There was no error in refusing charge 8, as it was both confusing and misleading under the circumstances in the case.—1 Mayf. 171.

MAYFIELD, J.—Plaintiff, appellee here, was a passenger on defendant's street car line, and was injured

in consequence of a collision of the car in which he was being carried, with a train of a commercial railroad, at a crossing of the two lineŝ.

The first count of the complaint was for simple negligence, and set up the relation of passenger and carrier, and alleged the collision and injury in consequence thereof. The negligence alleged was of that approved general type held good in such cases, "in and about the carrying of plaintiff as a passenger."

The second count was for wanton or willful injury, and adopted the first count, as to the relation of the parties, the collision, and the injury, and concluded as follows: "Plaintiff avers that *said* servant or agent in charge or control of said car acting within the line and scope of his authorit'y, as such, wantonly, or intentionally caused or allowed said collision, well knowing that so to do would likely or probably cause great personal injury." Demurrers were interposed and overruled as to this last count, and this ruling is the error first insisted upon for a reversal. It is contended by appellant that the use of the word "said" in the quoted part of the count rendered the count bad for uncertainty. It is insisted that the word "said" is a relative word or adjective, and must be referred to the "servant or agent" before mentioned; and that as no agent or servant had been mentioned before, in the complaint, it had nothing to which it could relate, and therefore the use of it rendered the count bad.

We cannot agree to this contention. We think this count is certain to "a common intent," and this is all that is required of good pleading. If different servants or agents had been mentioned in the preceding parts of the count or complaint, then the use of the word "said" might have rendered the count indefinite as to which of these different servants or agents wantonly or willful-

ly inflicted the injury; but, as none had been mentioned or referred to, the word "said" is purely superfluous, and may and must be omitted, because there is no antecedent to which it can refer.

It is, however, alleged in terms that the injury was wantonly or willfully inflicted by the agents and servants of the defendant, who were in charge or control of the car in which plaintiff was being carried as a passenger, and while acting within the line and scope of their authority; and this is sufficient in an action by a passenger, who is not presumed to know the names of these agents or servants. It does not seem to us that there is any opportunity or occasion for this allegation to deceive or mislead, or to lure the court or the defendant into any doubt as to the party or parties who committed the particular wrong complained of. It is true that their names are not given, and it is not certain whether it was the motorman or the conductor who wantonly or willfully caused the collision and the injury complained of; but this is matter best known to the defendant and is knowledge which the passenger is not presumed to have, and for these reasons we think the count was not subject to the demurrer interposed, nor to the objection insisted upon in argument.

It would have been reversible error for the trial court to have charged the jury in this case ex mero motu, or at the request in writing by the defendant, that the jury could not "award the plaintiff any damages on account of any permanent injuries." It is conceded by the appellant that there was proof tending to show permanent injury, but it is claimed that there were no allegata to support the proof.

We cannot yield assent to this argument. It is alleged in the complaint that plaintiff was "crippled and disfigured and a bump was caused to be upon his head."

This allegation we hold to be sufficient to justify and sustain a verdict for damages as for permanent injuries. It is not necessary that it be alleged in terms that the injury was permanent. The injury alleged may be of such character as to impute or imply that it is permanent.

It cannot be doubted that it is the law of this state that a verdict or finding of a jury must be unanimous. Nor can it be doubted (because it is a corollary of the above proposition) that, if any one juror finally disagrees with the others touching which party the verdict should be in favor of, no verdict can be rendered for either party and a mistrial is the result. In civil or criminal cases, unanimity of the jury is essential to a verdict.—*Pickens v. State,* 115 Ala. 42, 52, 22 South. 551; *Carter v. State,* 103 Ala. 93, 15 South. 893. Charges which assert the above proposition, and this only, should be given; but if the charge may be said to assert this proposition, yet, as applied to the particular case on trial, it possesses misleading tendencies, it is properly refused.

In the case of *Hale v. State,* 122 Ala. 85, 26 South. 236, the charge intended to assert this proposition of law as applicable to criminal cases was as follows: "If any individual juror is not convinced of defendant's guilt beyond all reasonable doubt and to a moral certainty, the jury cannot convict." In commenting on this charge and the proposition of law involved, the court, speaking through McClellan, C. J., said: Several charges asked by defendant bearing a similitude to charge 7 refused by the circuit court to this defendant have recently been brought under review in this court. Some of them have been held bad and others good, depending upon whether the particular charge under consideration asserted simply and only that the defendant

should not be convicted so long as any one of the jurors had a reasonable doubt of his guilt. If it was clear to this intent, and did not tend to mislead the jury to an *acquittal* upon a reasonable doubt of one or any number of the jurors less than the whole number, nor to inculcate the idea that the conclusion of each juror should be reached and adhered to 'without the aid of that consideration and deliberation with his fellows which the law intends shall take place in the jury room,' nor to render each juror the keeper of the consciences of his fellows, nor involve other misleading tendencies, the charge has been held to be good, and if it went beyond this it has been disapproved.—*Carter, et al. v. State,* 103 Ala. 93, 15 South. 893; *Goldsmith v. State,* 105 Ala. 8, 16 South. 933; *Pickens v. State,* 115 Ala. 42, 22 South. 551; *Cunningham v. State,* 117 Ala. 59, 66, 23 South. 693; *Lewis v. State,* 120 Ala. 339, 25 South. 43. These cases show the line of demarcation between good and bad charges of this general nature, and upon them it is clear that charge 7 refused to this defendant is of the former class, and should have been given."

In the case of *Birmingham Railway, Light & Power Co. v. Moore,* 148 Ala. 128, 42 South. 1029, a charge (numbered 5) almost identical with charge 8 in this case was by this court held to be a good charge, and its refusal to be reversible error. We quote from that opinion: "Charge 5, refused to defendant, was in this language: 'The plaintiff cannot recover damages in this case if, after a fair consideration of all the evidence, any individual juror is reasonably satisfied by any material part of the evidence that she ought not to recover damages.' Under the rule as laid down in the case of *Hale v. State,* 122 Ala. 85, 26 South. 236, with respect of charge 7 that was refused to the defendant in that case, and in the case of *Mitchell v. State,* 129

Ala. 23, 30. South. 348, with respect of charge 2 refused to the defendant in that case, charge 5, as above set out, must be held to assert a correct proposition of law, and its refusal constitutes reversible error."

If that ruling is to be adhered to, it must work a reversal of this case. We do not think the charges can be distinguished on the ground assigned by appellee that in *Moore's Case* the charge said "after a *fair* consideration of all the evidence," while the charge in this case says "after a *careful* consideration of all the evidence." The two words, "fair" and "careful," are in legal effect the same as used in these two charges; and each finds support in precedents of usage in similar charges.

We feel safe in saying that the use of the word *careful* in lieu of *fair* does not render the charge bad. Whatever difference there may be in their literary meaning, the legal effect of both is the same, as they are used in these two charges.

After a "careful" and "fair" examination of all the cases we have consulted on the question involved, we have reached the conclusion that it was not error to refuse charge 5 in *Moore's Case*; that the decision of this court in that case was wrong; and that it should be overruled and is overruled.

While it is very true that a plaintiff cannot recover without recovering some damages (nominal, at least), yet charges framed as are these in question are calculated to mislead the jury, when the question in the case most strongly litigated is as to the kind and amount of damages, rather than as to the right to recover at all. The proposition of law intended to be asserted by this charge—the only reason which makes it proper—is that the verdict of the jury must be unanimous; yet the charge is so worded as to confuse the question of the

*amount of damages* which plaintiff is entitled to recover, with the question of the plaintiff's right to a verdict.

What was said in *Moore's Case* is apt here. The negligence alleged in the first count is not confined to the acts of the motorman or of the conductor, either or both; they may have observed due care, and yet this may not rebut the inference or presumption of negligence, which the law creates as to the carrier in cases like this.

Mr. Hutchinson states the rule as to the burden of proof, in cases like this, as follows: "Where * * * it is shown that an accident has happened upon a railway, from which a passenger sustained an injury, by the breakage down or the overturning of the vehicle, or by a derailment of the train or of some of the cars, or by a collision between the two trains or between two cars, or by an unusual jerk or jolt of the train, or by the parting of the train, or by the breaking down of a bridge, or by the falling of some of the appliances within the vehicle, or by an obstruction, which the carrier has placed too near the track, striking the side of the train, a prima facie presumption will arise that the accident was due to the negligence of the company or its servants."—Carriers, vol. 3, pp. 1701-1703, § 1414.

For these reasons we think the charge both in the *Moore Case,* and in this, possessed such misleading tendencies that the trial court was justified in refusing to give it. We are not prepared to say that we would reverse a case if the trial court had given the charge, upon the ground of these misleading tendencies; because the opposite party could and should, in such cases, prevent or counteract these misleading tendencies by counter charges.

This difference as to the giving and the refusing of misleading or argumentative and abstract charges has

been so often stated that it is needless to cite the cases in point.

Affirmed.   All the Justices concur.