[Birmingham Railway, Light & Power Co. v. Roach.]

# Birmingham Railway, Light & Power Co. *v.* Roach.

## *Injury to Passenger.*

(Decided June 30, 1914. 66 South. 82.)

1. *Husband and Wife; Injury to Wife; Recovery by Husband.*— A husband deprived of the society and services of his wife on account of injury to her by the wrongful act or omission of another may recover compensatory damages therefor, but he cannot recover for the injury itself; hence, a complaint by the husband in such a case he need not itemize the particular injuries inflicted on the wife.

2. *Evidence; Admissibility; Self-Serving Declaration.*—In an action by the husband for damages for the loss of the services and society of his wife on account of injuries to her, the testimony of the wife that she did her household work before the injury, but was unable to perform such service afterward, was not inadmissible as a self-serving declaration.

3. *Appeal and Error; Review; Objection Below.*—Where no objection was seasonably interposed in the trial court to questions propounded to a witness, and responsive answers thereto, such objection cannot be considered on appeal.

4. *Damages; Wife; Loss of Service; Evidence.*—Evidence of the service performed by the wife for her husband before her injury, and that she was unable to perform such service thereafter, was admissible in an action by the husband for damages for the loss of the society and services of his wife.

5. *Same.*—Where a witness testified that she was intimately acquainted with the wife, and that her health appeared to be excellent, and that she was very active before her injury, it was competent for such witness to testify further that she had never known of the wife to complain of a headache or be in bed a day.

6. *Same.*—It was proper to admit the testimony of a physician who attended the wife that she suffered pain, the action being by the husband for damages for loss of service and society of his wife, because of injuries.

7. *Same.*—It was competent for plaintiff to testify as to manifestations of pain by his wife, and the duration of the condition, on the question of the loss suffered by him from her injury.

8. *Carriers; Passengers; Instructions.*—Where the action was by the husband for damages for the loss of society and services of his wife because of injuries received in alighting from a street car, and there was evidence from which it might be inferred that defendant was negligent in prematurely starting the car, although the starting was properly done, a charge asserting that it is not negligence for those in charge of a car to start the same in a proper manner, while a passenger is inside of the car walking towards the door, was properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by J. T. Roach against the Birmingham Railway, Light & Power Company, for damages for loss of service and society of his wife by injuries inflicted by defendant upon her while a passenger. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint, after stating the relation existing between plaintiff's wife and defendant and between plaintiff and plaintiff's wife, alleges that defendant so negligently conducted itself in or about the carriage of plaintiff's said wife as a passenger on said car that, as a proximate consequence of said negligence, plaintiff's wife was injured (here follows catalogue of injuries), and, as proximate consequence of said injuries to his said wife, plaintiff lost the services and society of his said wife for a long time, and was rendered likely for a long time to continue to lose the services and society of his said wife, and the services and society of his said wife were rendered permanently of less value to plaintiff, and plaintiff was put to great trouble, inconvenience, and expense for medicine, medical attention, care, and nursing in or about his efforts to heal and cure the injuries of his said wife. The demurrers raise the proposition that it does not appear what duty defendant owed plaintiff, or wherein or how defendant violated such duties, if any was owing, does not constitute negligence as a matter of law, does not appear what was the proximate cause of the injury to plaintiff's wife; her injuries are not sufficiently described; plaintiff's injuries are not sufficiently described.

Assignments of error referred to are as follows: (14) Overruling appellant's objection to the following question propounded to appellee by his counsel: "From the time she was hurt, from the time you found her in bed

there on the 25th of October, 1912, from that day on, has she been able to attend to that work—household work—well, has she done it?"

(15) Repetition of former question, "Well, has she done it?"

(9) Question to Mrs. Annie Faulkner: "What condition was Mrs. Roach in when you left?" Answer: "Still suffering from her side, when I went home to send a hot water bottle over there to use on her side."

(10) To same witness: "Is it your best judgment that Mrs. Roach has ever regained her perfect health you say she had before she was hurt?" Answer: "Don't get about like she did before the accident."

Unnumbered charge set out in sixteenth assignment: It is not negligence for those in charge of a street car to start the same in a proper manner while a passenger is inside the car, walking towards the door.

TILLMAN, BRADLEY & MORROW, and JOHN S. STONE, for appellant. The court should have sustained demurrers to the first count of the complaint.—*City D. Co. v. Henry*, 139 Ala. 165; 16 Enc. P. & P. 377. It is incompetent for the wife to testify that she did her housework before the accident, but could not do it afterwards.— *B. R. L. & P. Co. v. Cochran*, 60 South. 309; *Pope v. State*, 168 Ala. 43; *Marsh v. Frick*, 56 South. 112. Appellant was not entitled to any compensation for pain suffered by his wife, and the court was in error in admitting evidence thereof.—*Phillips v. Kelly*, 29 Ala. 634; *L. & N. v. Perkins*, 165 Ala. 472. The charge requested should have been given.—*B. R. L. & P. Co. v. Parker*, 156 Ala. 252; *Mobile L. & R. R. Co. v. Bell*, 153 Ala. 90.

HARSH, BEDDOW & FITTS, for appellee. While the husband may not sue for the injury itself, he has the

right of action against the wrongdoer for the loss of the service and society of his wife, because of the injury. It is not necessary, therefore, that the complaint particularize the injury.—*B'ham Southern v. Lintner,* 141 Ala. 420; *So. Ry. v. Crowder,* 135 Ala. 418; 10 Enc. P. & P. 207. On these authorities, it must be held that there was no error in the admission of evidence. Objections must be seasonably interposed in the trial court before they can be considered on appeal.—*Mississippi L. Co. v. Smith,* 152 Ala. 540; *Creel v. Keith,* 148 Ala. 233. The extent and severity of the injuries to the wife were directly involved in ascertaining the extent of the husband's loss and deprivation.—*B. R. L. & P. Co. v. Lavender,* 158 Ala. 434, and authorities supra. The charge assumed that the car was properly started and was also abstract.—*So. Ry. v. Weatherlow,* 164 Ala. 151; *B. R. L. & P. Co. v. Lavender, supra.*

McCLELLAN, J.—This action by the appellee against the appellant is for damages resulting to him (the husband) in consequence of the injury of the wife while a passenger on the defendant's street railway. Where, through the wrongful or negligent act or omission of another, a husband suffers deprivation, in respect of the society and services of his wife, he may recover compensatory damages therefor; but not for the injury itself.—*Sou. Ry. Co. v. Crowder,* 135 Ala. 418, 33 South. 335; *Birmingham Ry. Co. v. Lintner,* 141 Ala. 420, 38 South. 363, 109 Am. St. Rep. 40, 3 Ann. Cas. 461. The complaint accorded in its averments with a sufficient statement of plaintiff's assertion of a right to compensation under the doctrine stated. The demurrer was properly overruled. There is no occasion, in such cases, to define or itemize the particular injuries suffered by the wife. The rule is quite different where the imme-

diate subject of the action is the injury to the plaintiff, as was the case in *City Delivery Co. v. Henry,* 139 Ala. 165, 34 South. 389.

The wife of the plaintiff was examined as a witness in his behalf, and testified to her physical injury in consequence of the sudden movement of the car, while stationary, at a time when she, a passenger, was moving down the aisle of the car preparatory to alighting therefrom at a regular place for the discharge of passengers. She described her injuries and how they were inflicted. She further testified that she was well and strong up to the time of this injury; that she had not been well since that time; and that up to that time she "was doing the biggest part of my (her) housework, for my (her) husband and family." Plaintiff's counsel, at this stage of the examination, propounded the following question to the witness: "Well, after that were you able to do your housework, or did you do it?" The objection's grounds, addressed to the question as a whole and then to each alternative of it separately, embraced these grounds: That a conclusion was sought thereby; that it sought to elicit testimony of an inadmissible self-serving character. Comprehended in the violated right and consequent losses for which a husband, in such cases, is entitled to be compensated are deprivation, because of injury wrongfully inflicted upon the wife, or services which the wife formerly customarily rendered the husband in the household. Legal evidence to show such deprivation is necessarily material and relevant. The manifest object of the quoted question was to afford evidence to establish that element of recoverable damage, if the plaintiff was otherwise entitled to recover. So the question, if objectionable at all, must have been on account of its form rather than of its substance. It is obvious that the latter alternative thereof called for a

fact, viz., did you, after the injury in question, do household work, which, she had just testified, she had theretofore done in the larger proportion.   It is insisted that the ruling in *Cockrum's Case*, 182 Ala. 549, 60 South. 304, 309, to the effect that a similar character of evidence was objectionable because possible of being self-serving, should be held for authority in support of the latter ground of the objection.   The pertinent statement made in that case (Cockrum) has been reconsidered by the full bench.   The statement there was not decisive of the result of that appeal.   Our conclusion now is that it is unsound.   The testimony there considered and that now under review was evidential of a material fact within the issues of the trial.   Whether the injured party did or did not, after and because of the injury complained of, perform work or services theretofore customarily performed was a fact exempt from denial of proof because self-serving.   Any witness, whether the party or not, who knows the fact, is competent to testify that after the injury the injured party did not perform the work or services theretofore customarily performed.   If the adversary party conceives that the inability to perform such work or services, after and because of the injury, was feigned, it is the office of cross-examination or the adduction of countervailing evidence to bring before the jury the basis for that view The court did not err in allowing the question quoted above.   Upon like considerations assignments numbered 14 and 15 are without merit.

Appellant can take nothing by the motions to exclude these statements, pertinent to Mrs. Roach's condition in respect to health and activity, before her injury, of the witness Mrs. Faulkner, who was examined on interrogatories: "I never knew her even complain  of  a headache.  *  *  *  Never knew her to be in bed a

day." This witness had already testified that she had been intimately acquainted with Mrs. Roach, and that her health appeared to be excellent, and that she was very active. The responses quoted were, in effect largely, if not entirely, affirmatory of what she had already testified. But, aside from that, those responses, by an intimate acquaintance and neighbor of the subject of the inquiry, were no more than a negatively expressed affirmation of Mrs. Roach's freedom of a particular trouble and her exemption up to that time of any confining malady—facts which, if she knew them, the witness might have testified.

The other two questions set forth in the ninth and tenth assignments of error, with the responsive answers made thereto, cannot avail appellant, for that objections to the interrogatories were not seasonably interposed.

The motion to exclude the testimony of Dr. Copeland, the physician attending Mrs. Roach, wherein he testified to pain having been suffered by her, was properly overruled.—*Eckles v. Bates,* 26 Ala. 655; *Birmingham Ry. Co. v. Hale,* 90 Ala. 8, 8 South. 142, 24 Am. St. Rep. 748.

The questions to the plaintiff, as a witness, whereby it was sought to show his wife's expression, or manifestations of pain when turned by him in bed, to which she was confined, and to the duration of her condition so as to require her movement by the use of the sheet, were not objectionable. The evidence they elicited was immediate in its bearing upon the primary inquiry of basis for the loss alleged to have been suffered, in consequence of her injury, by the husband.—*Birmingham Ry. Co. v. Lintner, supra; Eckles v. Bates, supra.*

Charge 4, given at the instance of defendant, removed any possible prejudice to defendant by reason of the

[Walker v. Tillis.]

refusal of the charge set out (unnumbered) in the sixteenth assignment of error. But, aside from that, the charge which purports to announce a general rule cannot be approved where negligence might be imputed from the premature starting, though properly done, of a car in which a passenger may be moving with the rightful purpose to alight therefrom.

The assignments of error insisted upon in brief are without merit. The judgment is affirmed.

Affirmed. All the Justices concur.