(76 South. 918)

BIRMINGHAM RY., LIGHT & POWER CO.
v. HUNT. (6 Div. 411.)

(Supreme Court of Alabama. June 28, 1917. Rehearing Withdrawn Oct. 23, 1917.)

1. CARRIERS ☞314(1)—INJURY TO PASSENGER —COMPLAINT.

Complaint alleging that at specified time and place plaintiff was a passenger on defendant's street car line, and was thrown to the ground, and received specified injuries, proximately caused by defendant's negligence in and about the transportation of plaintiff as a passenger, is certain, and sufficiently avers defendant's duty to conserve plaintiff's safety as a passenger.

2. PLEADING ☞205(1)—DEMURRER.

General grounds of a demurrer need not be considered.

3. CARRIERS ☞343—INJURY TO PASSENGER— PLEA OF CONTRIBUTORY NEGLIGENCE.

Plea of contributory negligence in passenger's action, that after conductor had signaled the car to be started, as was known to plaintiff, he negligently attempted to alight from it, without waiting for it to be stopped, is bad, in assuming it had started simultaneously with the signal, and had attained speed making it negligent to alight from it, as such a plea must not stop short of averring facts to which the law attaches the conclusion of negligence.

4. APPEAL AND ERROR ☞1050(1)—WAIVER OF OBJECTION—PRIOR EVIDENCE.

Admission of testimony, which was but a repetition of what witness had testified without objection, is not subject of complaint.

5. WITNESSES ☞388(8)—CROSS-EXAMINATION — ANSWERS TO INTERROGATORIES UNDER STATUTE.

Refusing to allow, on cross-examination of plaintiff, his answers to interrogatories propounded under the statute to be shown, defendant being told the interrogatories and answers may be introduced, is not error.

6. DAMAGES ⊕⟹166(1) — EVIDENCE — OPINION AS TO PHYSICAL PAIN.

Plaintiff may testify of physical pain suffered from and as the result of his injury.

7. DAMAGES ⊕⟹143—PERSONAL INJURY—PERMANENT INJURY—COMPLAINT.

The complaint need not in terms allege that the injury was permanent, but it is enough to allege that plaintiff received certain personal injury, which he believes to be of a permanent nature.

8. TRIAL ⊕⟹234(7) — INSTRUCTIONS — BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.

It being enough that defendant prove either of its several pleas of contributory negligence, an instruction that, if the jury are satisfied plaintiff was injured as a proximate consequence of defendant's negligence, defendant has the burden to prove its plea of contributory negligence, and failure so to do will authorize verdict for plaintiff, is erroneous.

9. APPEAL AND ERROR ⊕⟹1064(1)—ESTOPPEL TO INSIST ERROR IS HARMLESS—REQUESTED INSTRUCTIONS.

Plaintiff is bound by the error against defendant in instruction given on his written request, contradictory of the correct oral charge.

Sayre, Somerville, and Gardner, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by L. E. Hunt against the Birmingham Railway, Light & Power Company for personal injuries while a passenger. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint alleges that defendant was engaged on, to wit, December 8, 1915, in the operation of a street car line as a common carrier of passengers in, about, and upon the streets of the city of Birmingham, and to Bessemer, Ala., and that at or near one of its stations on said car line, to wit, a regular station for the letting on and taking off of passengers, plaintiff was thrown violently to the ground and injured as set out. Plaintiff avers that his said injuries and damages were proximately caused by reason of the negligence of defendant in and about the transportation of plaintiff as a passenger as aforesaid. Plaintiff amended his complaint by alleging that he was a passenger of defendant at the time and place of and at which he received the injuries therein set out.

Plea 4 is as follows:

The defendant says that plaintiff himself was guilty of negligence, which proximately contributed to his alleged injuries, in this: After the conductor in charge of said car had signaled the same to be started, as was known to plaintiff, or could have been known to a reasonably prudent person situated as plaintiff had been situated, plaintiff negligently attempted to disembark from said car without waiting for same to be stopped to enable him to disembark, and received his alleged injuries while so attempting to disembark.

In cross-examination of plaintiff, defendant attempted to show that certain interrogatories were propounded to plaintiff, and that plaintiff made certain answers thereto, and offered to ask certain questions concerning his answers to the interrogatories; but the court declined to permit him to do so, stating at the same time that he would permit the introduction of the interrogatories and answers. Plaintiff was asked:

Did you suffer any physical pain at the time from that injury, or as a result of that injury, or not?

Appellant objected to the question, which was overruled.

The court gave for plaintiff the following written charge:

I charge you that, if you are reasonably satisfied from the evidence that plaintiff was injured in the manner and form alleged in the complaint, as a proximate consequence of defendant's negligence, then the burden of proof is placed upon defendant to prove its plea of contributory negligence to your reasonable satisfaction, and a failure to do so would authorize you to find a verdict in favor of plaintiff in this case.

Tillman, Bradley & Morrow and John S. Stone, all of Birmingham, for appellant. McArthur & Howard, of Birmingham, for appellee.

THOMAS, J. The suit is for damages for personal injuries sustained by a passenger on one of defendant's street cars.

[1] The complaint sufficiently avers the engagement of the defendant in the operation of a street car line as a common carrier of passengers, and that the plaintiff was a passenger on one of its cars "at said time and place"—December 8, 1915—and on the car line between the cities of Birmingham and Bessemer, at or near one of its stations on said line, "to wit, Cleveland." Plaintiff's injury is particularly described, and it is averred that the same was proximately caused "by reason of the negligence of the defendant in and about the transportation of plaintiff as a passenger as aforesaid." We think the complaint was certain, as required by good pleading, and that it sufficiently averred defendant's duty to conserve plaintiff's safety as a passenger. B. R., L. & P. Co. v. Goldstein, 181 Ala. 517, 61 South. 281.

[2] The general grounds of demurrer need not be considered. Allen v. Fincher, 187 Ala. 599, 65 South. 946.

[3] Plea 4 was subject to the demurrer sustained thereto. It cannot be said, as matter of law, that, after the giving of a mere signal by the conductor for the car to start, it would be negligence per se for a passenger to attempt to disembark. The assumption or conclusion of the plea is that the car had started simultaneously with the giving of the signal, and had attained such speed as that it was negligence on the part of a passenger to attempt to alight from the car. This conclusion subjected the plea to the objection pointed out by the demurrers. A plea of contributory negligence must not stop short of averring facts to which the' law attaches the conclusion of negligence. T. C., I. & R. R. Co. v. Herndon, Adm'r, 100 Ala. 451, 14 South. 287; Osborne, Adm'x, v. Alabama S. & W. Co., 135 Ala. 571, 33 South. 687; Dwight Mfg. Co. v.

⊕⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

200 ALA.—36

Holmes, 198 Ala. 590, 73 South. 933, 935, where the authorities on this point are collected.

[4] The several objections and exceptions reserved on the admission of evidence have been carefully considered and found to be without merit. The question, "Did you work any after that?" when taken in connection with the other evidence, was but a repetition of what plaintiff had theretofore testified without objection. He had said:

"I went home from the place where the accident happened. I did not work any at all after that."

This is further made clear by the testimony of the attending physician, to the effect that plaintiff was not "physically able to work now," and that there was a ligament torn loose at the hip.

[5] The court committed no error in the ruling on the objection to the attempted cross-examination as to the contents of plaintiff's answers to the interrogatories propounded under the statute. The court stated to defendant, on making the foregoing ruling, however, that the interrogatories and answers might be introduced in evidence, and defendant's counsel declined to introduce them. Grasselli Chem. Co. v. Davis, 166 Ala. 477, 52 South. 35; B. R., L. & P. Co. v. Oden, 164 Ala. 1, 51 South. 240; B. R., L. & P. Co. v. Bush, 175 Ala. 49, 56 South. 731.

[6] It has been held that a plaintiff may properly testify of physical pain suffered from the injury and as the result thereof. Western Steel Car & F. Co. v. Bean, 163 Ala. 255, 262, 50 South. 1012; B. R., L. & P. Co. v. Roach, 188 Ala. 306, 66 South. 82; Cent. of Ga. R. Co. v. Stephenson, 189 Ala. 553, 66 South. 495. The cases cited by appellant (Western Union Telegraph Co. v. Cleveland, 169 Ala. 131, 53 South. 80, Ann. Cas. 1912B, 534, Travis v. L. & N. R. R. Co., 183 Ala. 415, 62 South. 851, and L. & N. R. R. Co. v. Landers, 135 Ala. 504, 33 South. 482), are not in point. In Travis' Case, the witness was erroneously allowed to state his opinion that the cause of his illness was eating oysters. In Cleveland's Case, a suit for failure to deliver a message, there was no physical injury; and in Landers' Case, a suit against a common carrier for injury to cattle, it was declared that the witness could not testify to his conclusions as to the facts in issue.

[7] In the instant case it is alleged that plaintiff was "thrown violently to the ground, and seriously and, he believes, permanently, injured, his rib broken, he was bruised and injured in and about his body and limbs, his hip injured," which injury he believes to be of a "permanent nature," etc., and that "he believes his earning capacity to be permanently impaired," etc. It is not necessary that it be alleged in terms that the injury was permanent. B. R., L. & P. Co. v. Goldstein, 181 Ala. 517, 61 South. 281.

The court properly instructed the jury of the measure of recovery for permanent injury under the pleading and the evidence tending to support the same.

[8, 9] At the request of the plaintiff the court gave written charge 3, for the error of which the cause must be reversed. Under this charge, appellant's several pleas of contributory negligence would have to be proven to the reasonable satisfaction of the jury, that the defendant may be given the benefit of either. Such is not the law; nor was this instruction intended to be given such effect. This, however, was the express mandate of the written charge. In the oral charge it had been explained that proof of either of said pleas of contributory negligence, to the reasonable satisfaction of the jury, would prevent a recovery by plaintiff. Having requested in writing a contradictory charge, and thus induced the court to modify the oral charge, plaintiff is bound by the prejudicial error it contained. Talley v. Whitlock, 73 South. 976;[1] W. U. Tel. Co. v. Griffith, 161 Ala. 241, 246, 50 South. 91; Lucas v. State, 144 Ala. 63, 67, 39 South. 821, 3 L. R. A. (N. S.) 412; L. & N. R. R. Co. v. Hurt, 101 Ala. 34, 45, 13 South. 130; Vaughan v. Smith, 69 Ala. 92; Ex parte Winston, 52 Ala. 419.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, and THOMAS, JJ., concur. SAYRE, SOMERVILLE, and GARDNER, JJ., dissent.