# Birmingham Railway, Light & Power Co. *v.* Humphries.

*Damages for Injuries to Passenger.*

(Decided Dec. 8. 1910.   Rehearing denied Feb. 16. 1911.
54 South 613.)

1. *Damages; Assessment; Instructions.*—Where the action was for injury to a passenger, an instruction that the law does not lay down any fixed rule by which to ascertain damages for physical pain and mental suffering, but leaves that to the sound judgment of the jury, was proper.

2. *Charge of Court; Weight of Evidence.*—Where the action was for injuries to a passenger on a street car, a charge asserting that, if after a full and fair consideration of all the evidence, any individual juror is not reasonably satisfied that the plaintiff was injured by reason of the negligence of the defendant or its servants, then the jury could not find for the plaintiff, was proper and should have been given.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Denia Humphries against the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

A part of the oral charge, excepted to and referred to in the opinion, is as follows: "Now the law does not lay down any fixed rule by which to ascertain damages, for physical pain and mental distress, but leaves that to the sound judgment of the jury trying the case. The other assignments of error relate to refused charges not necessary to be here set out.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBEATER, for appellant. The court erred in its oral instruction to the jury as to the rule for the ascertainment or measurement of damages.—*K. C. M. & R. R. Co. v. Thornhill*, 141 Ala. 215. The court erred in refusing the charge set out in the opinion.—*Phillips v. The State*, 156 Ala. 141; *B. R. L. & P. Co. v. Moore*, 148 Ala. 115. Counsel discuss other assignments of error, and cite authority in support thereof, but in view of the opinion, it is not deemed necessary to here set them out.

BOWMAN, HARSH & BEDDOW, for appellee. Counsel criticise the case of *K. C. M & B. v. Thornhill*, and conclude that by the great weight of authority, the court's oral charge as to the measure of damages was full, explicit, clear and accurate. The court did not err in refusing the charge requiring each individual juror to be satisfied of the negligence of the defendant or its servants before finding the verdict for the plaintiff.—*Hale v. The State*, 122 Ala. 89; *Holmes v. The State*, 136 Ala. 80; *A. G. S. v. McWhorter*, 47 South. 86; *Cunningham v. The State*, 117 Ala. 66. Counsel also discuss the other assignments of error, with citation of authority, but in view of the opinion, it is not deemed necessary to set them out.

McCLELLAN, J.—Action by a passenger against the carrier for personal injuries alleged to have been suffered while in transit.

This charge, as shown by the bill of exceptions, was requested by the defendant (appellant) and refused: "If after a full and fair consideration of all of the evidence any individual juror is not reasonably satisfied that the plaintiff was injured by the negligence of the defendant, or its servants, then you cannot find for the

plaintiff." Consistent with previous rulings here, on substantially similar instructions, the refusal of the quoted charge was error.—*Hale v. State,* 122 Ala. 85, 26 South. 236; *Mitchell v. State,* 129 Ala. 23, 41, 30 South. 348; *Fletcher v. State* 132 Ala. 10, 31 South. 561; *Andrews v. State,* 134 Ala. 47, 50, 32 South. 665; *Phillips v. State,* 156 Ala. 140, 144, 47 South. 245; *B. R. L. & P. Co. v. Moore,* 148 Ala. 115, 128, 129, 42 South. 1024. Counsel for appelle insists that the quoted charge was faulty and was corectly refused, and quotes in support of the contention *Holmes v. State,* 136 Ala. 80, 34 South. 180, *A. G. S. R. R. Co. v. McWhorter,* 156 Ala. 269, 47 South. 84, and *Cunningham v. State,* 117 Ala. 66, 23 South. 693. The *McWhorter case* pronounces charges, requiring unanimity of conclusion requisite to a verdict, sound. That decision accords with *Hale's case* and others in that line before noted. The charge (7) condemned in the *Holmes case, supra,* expressly invited a rigid adherence to individual opinion by a juror, and affirmatively advised against a yielding thereof after consideration and consultation with his associates. To like effect was the charge (7) treated in *Cunningham's case, supra.* There the juror was advised, upon contracted hyphothesis, not to consent to a conviction. The line between the good and bad charges of this class is fully stated in *Hale's case, supra.* We think there can be no doubt of the correctness of the extended line of rulings before noted.

None of the remaining five errors assigned have merit.

The excerpt from the oral charge, copied in the second assignment of error, is urged for appellant as error, on the authority of *K. C. M. & B. R. R. Co. v. Thornhill,* 141 Ala. 215, 234, 235, 37 South. 412. There the measure of the damages for physical pain and injury was said to be in the jury's breast, not afforded by the law;

[Southern Railway Company v. Morgan.]

and the court ·condemned the statement, even after the trial court undertook ·to purge it.  Here the court stated the law, as respects the ascertainment of damages for physical pain and mental distress, as announced in *M. & E. R. R. Co. v. Mallette,* 92 Ala. 209, 217, 218, 9 South. 363; *Southern Ry. Co. v. Burgess,* 119 Ala. 555, 564, 565, 25 South. 251, 72 Am. St. Rep. 943; *A. G. S. R. R. v. Bailey,* 112 Ala. 167, 177, 20 South. 313; *W. U. Tel. Co. v. Seed,* 115 Ala. 670, 676, 22 South. 474.  The *Thornhill case* does not conflict with the rulings in the cases just cited.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.