# Birmingham Stove & Range Co. *v.* Lawler.

*Injury to Servant.*

(Decided November 10, 1914. 66 South. 897.)

1. *Master and Servant; Injury to Servant; Complaint.*—Under subdivision 1, sec. 3901, Code 1907, a complaint charging that while plaintiff was performing his duties, a flask containing molten iron broke, causing the iron to injure him, which injuries were proximately caused by a defect in the ways, works, etc., sufficiently charges that the breaking of the flask was the promixate cause of the injury.

2. *Same.*—A complaint charging that defendant negligently failed to furnish plaintiff a reasonably safe appliance with which to work, does not exact too high a degree of care from the master, who is bound to exercise ordinary care to furnish safe appliances.

3. *Same; Assumption of Risk; Notifying Master.*—The employee is not bound to notify the master of defects of which the master has knowledge, in the sense that he assumes the risk if he fails to do so.

4. *Same; Superintendence; Liability of Master.*—A servant injured by a defective appliance cannot recover on the ground of negligent superintendence, because his superior, who was charged with remedying the defect, failed to perform that duty where the superintendent had no connection with the servant's use of the appliance.

5. *Same; Delegation of Duty.*—If, in the first instance, the master exercises due care in furnishing the servant with appliances reasonably safe to use, he may, under the common law, delegate the duty of maintaining that condition to competent agents.

6. *Same; Evidence.*—The evidence examined and held to warrant the finding that the appliance furnished the servant was defective in the first instance.

7. *Pleading; Replication; Sufficiency.*—Where pleas were filed to each count of the complaint separately, a replication interposed to the pleas collectively, is bad, although matters set up therein avoided the defense pleaded as to some of the counts.

8. *Charge of Court; Unanimity of Verdict.*—The law requires unanimity of jurors in rendering a verdict, and hence, a charge that if any one juror be not reasonably satisfied that plaintiff is entitled to recover they cannot find for plaintiff, should have been given.

[Birmingham Stove & Range Co. v. Lawler.]

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Robert Lawler against the Birmingham Stove & Range Company for damages for injuries suffered while in its employment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 1 is as follows:

"Plaintiff claims of defendant ........... the sum of ................ damages, for that heretofore, on, to wit, ..........., defendant was engaged in the manufacture of stoves at or near .........., and on said day plaintiff was in the service or employment of said defendant, and, while engaged in the discharge of his duties as such under his said employment, a flask containing molten iron did break or give way or leak, thereby causing said iron to run against plaintiff's foot. [Here follows catalogue of injuries.] Plaintiff avers that its said injuries were proximately caused by reason of the defect in the condition, etc. [following the statute], which had not been discovered or remedied owing to the negligence of defendant or some person in its service or employment, and intrusted by it with the duty of seeing that its ways, works, machinery, etc., were in proper condition in this, that said flask was defective."

Count 2:

Same as 1 down to the words "in this" where they last occur therein, and adds: "In that it was old and worn and leaky and weak."

Count 3:

Same as the first down to the averment of proximate cause, and adds: "Plaintiff avers that his said injuries were proximately caused by reason of the negligence of defendant in this, that it negligently failed to furnish plaintiff with a reasonably safe appliance with which to work in this, that said flask which was being used by plaintiff in his said work was old, worn, weak, and

leaky, thereby causing said iron to run against plaintiff and injure him."

Count 4:

Same as 1, with the allegations that plaintiff's said injuries were proximately caused by reason of the negligence of some person in the service or employment of defendant, one Stockman, who had superintendence intrusted to him whilst in the exercise of such superintendence in this, that he negligently caused plaintiff to receive his said injuries.

Plea 2 sets up:

That prior to the injury plaintiff himself had been intrusted by defendant and had assumed the duty of seeing that the said flask mentioned in plaintiff's compliant was in proper condition; wherefore defendant avers that plaintiff assumed the risk of injury from the use of the flask by plaintiff.

Plea 3 sets up:

That said flask as originally installed by defendant for use in its foundry was in all respects suitable and proper for the purposes for which it was used at the time of the injuries complained of, and at all times prior thereto; the said flask was in two separate parts, and at the time of said alleged injuries the flask and every part thereof was in suitable condition for use by plaintiff; that before using the flask it was the duty of plaintiff himself to see that the parts were securely fastened together before pouring or causing to be poured molten iron in said flask; and defendant avers that the said flask was not securely fastened together at the time of the accident and molten iron ran through one of the joints of said flask and injured plaintiff, owing to the fault or negligence of plaintiff himself, who at the time of the alleged injury had been intrusted by defendant with, and had assumed, the duty of seeing that the said

flask was in proper condition before pouring or causing to be poured molten metal into said flask; wherefore defendant avers that plaintiff assumed the risk of injury from the use of the flask by plaintiff.

Plea 4 sets up:

That plaintiff had been intrusted by defendant and had assumed the duties of inspecting before use of the flask referred to; that plaintiff was an experienced molder, at the time of the accident had been employed by defendant as a molder for the space of about one year, and was thoroughly conversant with the use of flasks, such as the flask mentioned in the complaint, and then states the facts and conclusions as set out in the third plea.

Plea 5 sets up:

That plaintiff himself had during the space of one year prior to the time of the alleged injury repeatedly used the flask mentioned in the complaint, and was himself using the same under and in the line and scope of his employment at the time of the alleged injury, and the condition of said flask was well known to plaintiff at and before the time of said accident, but plaintiff failed and neglected at any time prior to the time of said accident to make any complaint or give any information to defendant, or to some person superior to himself engaged in the employment or service of defendant, regarding the alleged defect in said flask; wherefore defendant avers that plaintiff assumed the risk of injury from the use of the flask by plaintiff.

The special replication is as follows:

"Answering further the second, third, fourth, and fifth pleas, say that the defendant or some person in the service or employment of the defendant and superior to the plaintiff already knew of the defective condition of such flask."

[Birmingham Stove & Range Co. v. Lawler.]

FORNEY JOHNSTON, STALLINGS, NESMITH, HUNT & JUDGE, and W. R. COCKE, for appellant. The court erred in overruling demurrers to count 1 as amended.—*T. C. & I. Co. v. Smith*, 171 Ala. 251; *Woodward I. Co. v. Murbut*, 63 South. 804; *Huych v. McNerny*, 163 Ala. 250. The court erred in overruling demurrers to count 2.— *Huych v. McNerny, supra*. The court erred in overruling demurrers to count 3.—*Tutwiler C. & C. Co. v. Farington*, 144 Ala. 167; *Merriweather v. Sayre M. & M. Co.*, 161 Ala. 441; Authorities supra. The court erred in overruling demurrer to count 4.—*Maddox v. Chilton W. Co.*, 171 Ala. 216; *Cahaba C. Co. v. Elliott*, 62 South. 808; *Woodward I. Co. v. Murbut, supra*. The court erred in sustaining demurrers to pleas 2, 3, 4 and 5 as an answer to count 4.—*Sloss-Sheffield v. Webster*, 62 South. 764; *So. Cot. O. Co. v. Walker*, 134 Ala. 33; *Mobile E. Co. v. Sanges*, 169 Ala. 349, and authorities supra. The court erred in sustaining demurrers to plea 5, and in overruling demurrers to replication 2 as an answer to defendant's pleas 2 and 3 and 4.—*King v. Woodward I. Co.*, 59 South. 264. Defendant was entitled to the affirmative charge under count 2.—149 Ala. 456; 162 Ala. 628; 166 Ala. 503. The court erred in refusing the affirmative charge as to count 3 of the complaint.—Authorities supra, and 164 Ala. 125; 67 Ala. 13. Defendant was entitled to the affirmative charge as to count 4. —Authorities supra.

BONDURANT & SMITH, for appellee. No brief reached the Reporter.

CRUM, J.—The first and second counts of the complaint were framed under subdivision 1, and the fourth count under subdivision 2, of the Employers' Liability Act (Code, § 3910) ; while the third count asserts a

breach of duty under the common law with respect to the furnishing of instrumentalities used in the business of the master about which the servant was engaged.

In the first count it is alleged that the defendant was engaged in manufacturing stoves, and that, while plaintiff was in the performance of his duties in connection therewith, a molding flask containing molten iron broke, gave way, or leaked, thereby causing the iron to run against and injure him, "which injuries were proximately caused by reason of a defect in the condition of the ways, works, machinery, or plant connected with, or used in, the business of the defendant, which arose from or had not been discovered or remedied owing to the negligence of the defendant or some person in its service or employment intrusted by it with the duty of seeing that its ways, works, machinery, or plant were in proper condition, in this, that said flask was defective."

The second count is simply an adoption in toto of the first, with the additional averment that the flask was defective "in that it was old, and worn, and leaky, and weak."

It was insisted by demurrer that counts 1 and 2 were defective: (1) In failing to aver that the breaking or leaking of the flask was the *proximate* cause of the injury; and (2) that the averment of the defect was too general, and no causal connection between the defect and the injury was shown.

It appears sufficiently clear from the averment that the molten iron escaped and came in contact with the plaintiff in consequence and as the proximate result of the alleged defective condition of the flask in use as a part of the ways, works, machinery, or plant of the defendant about which the plaintiff was at work. These counts are readily distinguishable from the one condemned in the case of *Huyck v. McNerney,* 163 Ala. 244,

50 South. 926, relied upon by appellant. The count in that case was framed under the common law, and, after stating the relation of the parties, the duty of the defendant, the fall of the ladder, etc., attributes the plaintiff's injuries to the "negligence of the defendant in having in said building in said business said ladder upon which he was descending, which ladder was defective, out of order, and unsafe, and unfit to be in said businses, and which, but for the want of proper care and diligence, would have been known to the defendant." There was in that case, it will be readily observed, an entire absence of any averment even remotely connecting the fall of the ladder with its defective condition.

The averment of negligence, especially in the first count, is indeed very general, but it does not differ materially from that approved by the Supreme Court in the case of *Jackson Lumber Co. v. Cunningham,* 141 Ala. 206, 37 South. 445, although, as the court later said, the ruling in that case went to the limit of generality of pleading, and would not be extended.—*T. C., I. & R. R. Co. v. Smith,* 171 Ala. 251, 55 South. 170.

The exception taken to the third count is that it exacts too high a degree of care on the part of the defendant with respect to the furnishing of the appliances for the plaintiff's use; that defendant's duty was not absolute, but only to exercise reasonable care. The gist of the averment is that the defendant "negligently failed to furnish the plaintiff with a reasonably safe appliance with which to work," etc. It would seem that, if the defendant negligently failed to furnish a reasonably safe appliance, it therefore necessarily failed to exercise reasonable care in that regard and conversely, if it exercised due care in the furnishing of a reasonably safe appliance, it could not be said that it acted negligently.— *Coosa Pipe Foundry Co. v. Poindexter,* 182 Ala. 656, 62

South. 104. The trial court did not err in overruling the demurrers to counts 1, 2, and 3.

The demurrer to the special replication, as an answer to pleas 2, 3, and 4, was sustained, and not overruled, as is assumed by counsel for appellant. It was overruled only in so far as the replication purported to answer plea No. 5. Plea No. 5 alleges, in substance, that the plaintiff assumed the risk, in that the condition of the flask was well known to him at the time of the injury; yet he failed to make any complaint or to give any information thereof to the defendant or to some person superior to plaintiff in the service of the defendant. The replication, in response to this, says the defendant or such superior already knew of the defect. The proviso in section 3910 expressly relieves the servant of the duty to impart such information if the fact is already known to the defendant or to such superior. The pleas were filed to each count of the complaint separately and severally. The replication was a sufficient reply to plea 5 as an answer to counts 1 and 2, but not as an answer to count 3. The replication, however, was interposed to pleas 2, 3, 4, and 5 collectively, and not separately or severally. Manifestly, it was not good as to pleas 2, 3, and 4 as the court held, but the manner in which it was framed rendered it bad in toto. The demurrer seems to point out this defect, and should have been sustained.

The fourth count of the complaint ascribes the plaintiff's injuries to the negligence of the superintendent, one Stockman, "whilst in the exercise of such superintendence, in that he negligently caused the plaintiff to receive his said injuries." The only superintendence intrusted to Stockman which the evidence tends to reveal was that of remedying defects in the molding flasks when the existence of such defects was reported to him by the defendant. There was no system of inspection by

the superior. The defects in the flask, if any there were, were admittedly known to the plaintiff; he was an experienced molder, and in the manner of performing his work he was a free, independent agent, working and being compensated by the piece, receiving instructions from, and amenable to the orders of, no one. The only possible negligence attributable to the superintendent was that of omission merely—the failure to have repairs made upon the flask, which was a part of the "ways, works, machinery, or plant of the defendant." Under no phase of the evidence was he a factor in the use of this instrumentality by the plaintiff.

If a superintendent or superior servant is charged with the duty of making necessary repairs of a particular instrumentality, but exercises no supervision over the manner of performance or the immediate details of the servant's use thereof, if the instrumentality is intrinsically defective and injury proximately results therefrom, even though in the presence of the superior, the case falls clearly within the influence of subdivision 1 of section 3910. If, however, such superintendent or superior, in the discharge of his duty, becomes a factor in the use of the instrumentality by the injured employee, either by the giving of negligent instructions connected with such use or by negligently causing some omission more or less immediately connected, in point of time, with the accident, and which is proximately responsible for the injury, such servant, in that event, has been negligent "whilst in the exercise of such superintendence," and the case comes within the influence of subdivision 2 of that section.

Giving to each of these subdivisions its legitimate field of operation, no other conclusion can be satisfactorily reached. The evidence affords no inference of any negligent act of superintendence on the part of Stock-

man proximately resulting in the injury complained of, within the purview of subdivision 2 of the act, and the trial court erred in refusing to give the general affirmative charge requested by the defendant as to count 4. This conclusion renders unnecessary a review of the action of the trial court in overruling the demurrer to that count and in sustaining the demurrers to the pleas which were addressed thereto.

Special charge No. 20, requested by appellant, as follows: "If any one juror be not reasonably satisfied from the evidence that plaintiff is entitled to recover, you cannot find for the plaintiff"—should have been given, and its refusal constitutes reversible error.—*B. R., L. & P. Co. v. Humphries,* 171 Ala. 291, 54 South. 613; *B. R., L. & P. Co. v. Goldstein,* 181 Ala. 517, 61 South. 281. A somewhat similar charge was held good in the case of *B. R., L. & P. Co. v. Moore,* 148 Ala. 128, 42 South. 1024, but the Supreme Court in the *Goldstein Case, supra,* overruled the *Moore Case* on that point, because, it was said, the charge was so worded as to confuse the amount of damage with the plaintiff's right to a verdict when the question most strongly litigated was the amount of damages, rather than the right of plaintiff to a verdict. The charge here is not at all subject to that criticism. The question here chiefly and quite sharply litigated was the right vel non of the plaintiff to a verdict, and the charge was simply an instruction that no verdict should be returned for the plaintiff unless the jury had unanimously agreed. It was said in the *Goldstein Case:* "In civil or criminal cases, unanimity of the jury is essential to a verdict," and that "charges which assert the above proposition, and this only, should be given." Charge 20 is well within the above rule. The principle is a sound and an im-

portant one in jury trials, and ought to be adhered to. —*McDade v. State,* 10 Ala. App. 241, 64 South. 519.

There was no error in refusing the general affirmative charge as to count 3. True it is that at common law the master, if in the first instance he exercised due care in furnishing the servant with place, ways, and appliances reasonably safe for use, may delegate the duty of maintaining such conditions to agents prudently selected for competency and fitness, but one phase of the evidence tends to show that the flask in question had been only recently furnished and was practically new at the time of the injury, and yet another that it was defective. It does not appear when the defect arose. This may have justified an inference that it was defective in the first instance.

The general affirmative charge was properly refused. There was some evidence, however uncertain or unsatisfactory, from which the jury might have drawn an inference that the plaintiff's injury was the proximate result of the negligence complained of. Its sufficiency was, of course, a question of fact for the determination of the jury. There was likewise no prejudicial error in refusing the affirmative charge as to count No. 2.

For the errors pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.