(84 South. 779)

SEALS PIANO & ORGAN CO. v. BELL et al. (3 Div. 347.)

(Court of Appeals of Alabama. Jan. 20, 1920.)

1. WITNESSES ⬅248(2)—ANSWER PROPERLY EXCLUDED AS NOT RESPONSIVE.

In an action on an attachment bond for damages from wrongful suing out of attachment, answer of a witness, when questioned by plaintiff, "I do not think our credit was as good," held properly excluded on defendant's motion, as not responsive to the question asked.

2. TRIAL ⬅45(3)—SUSTAINING OBJECTION TO QUESTION HARMLESS, IN ABSENCE OF SHOWING OF FAVORABLE ANSWER.

Trial court did not commit reversible error in sustaining defendant's objection to plaintiff's question to a witness, where for aught that appears the witness might have answered unfavorably to plaintiff, and he did not inform the court otherwise.

3. TRIAL ⬅321½—DAMAGES CANNOT BE ASSESSED FOR WRONGFUL ATTACHMENT, IF SINGLE JUROR NOT SATISFIED.

In action on attachment bond for wrongful suing out of attachment, if any one juror is not satisfied plaintiff is entitled to recover for any loss of business and damage to credit, jury cannot assess damages for such two items.

4. DAMAGES ⬅163(4)—BURDEN ON PLAINTIFF TO PROVE AMOUNT.

Burden is on plaintiff in an action for damages to furnish proof from which the jury can determine the amount of damages, if · any, to which plaintiff is entitled, and if plaintiff fails in this the jury cannot supply the omission by speculation.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by the Seals Piano & Organ Company against N. J. Bell and others, executors, for damages for wrongful attachment. From an insufficient judgment for plaintiff, it appeals. Affirmed.

S. W. Warrick, being on the stand, was asked by the plaintiff: "I will ask you if, after the issuance of the attachment, there was any difference, or if you had any difficulty in purchasing goods on the same terms." The question was objected to, and the objection overruled. Witness answered: "I do not think our credit was as good." The court sustained a motion to exclude the answer. The same witness was asked the question set out in the opinion, and objection was sustained.

Assignment of error 4:

Question to same witness: "I will ask you whether or not, after the issuance of the at-

tachment, any piano manufacturer, within six months after the issuance of the attachment, declined 'to sell pianos to your company upon as just terms as before the issuance of the attachment."

Assignment 5:

Question to same witness: "Did any piano manufacturer ever refuse to sell you pianos on credit before the issuance of the attachment?"

Assignment 6:

Charge 5. "If the jury believe the evidence in this case, you cannot assess vindictive damages against the defendants."

Charge 13. "If any one juror be not reasonably satisfied from the evidence that plaintiff is entitled to recover any amount for loss of business and damage to credit, you cannot assess damages against the defendants for these two items or elements of damage."

Charge 12. "If after a fair consideration of all the evidence in the case the jury are not reasonably satisfied as to the amount of damages plaintiff may have sustained by reason of loss of business, if they should find from the evidence that plaintiff has sustained any damages on account of loss of business by reason of the suing out of the attachment, they can only assess nominal damages for loss of business."

The judgment was for plaintiff in the sum of $443.

For further discussions of the questions involved in this case, see Bell et al. v. Seals Piano & Organ Co., 201 Ala. 428, 78 South. 806; Id., 196 Ala. 290, 71 South. 340.

Tilley & Elmore and W. A. Gunter, all of Montgomery, for appellant.

The court erred in its action on the evidence. 183 Ala. 633, 62 South. 879; 59 Ala. 210; 5 Ky. Op. 63. For definition of "credit," see 2 Words and Phrases, 1711; 13 Ala. 513; 201 Ala. 428, 78 South. 808; 69 Ala. 373; 97 Ala. 666, 11 South. 916; 122 Ala. 534, 26 South. 138.

The charges given should have been refused. 201 Ala. 428, 78 South. 808.

Rushton, Williams & Crenshaw, of Montgomery, for appellees.

Loss of credit cannot be shown in the manner attempted. 93 Ala. 453, 9 South. 818; 69 Ala. 373; 59 Ala. 210. Exemplary damages could be recovered here. 201 Ala. 428, 78 South. 806. The charges were properly given. 11 Ala. App. 534, 66 South. 897; 171 Ala. 291, 54 South. 613.

SAMFORD, J. [1] The court did not err in sustaining the motion of the defendant to exclude the answer, "I do not think our credit was as good." This answer was not responsive to the question asked. Besides, the question did not limit the inquiry to the

effect of the attachment on plaintiff's credit. The condition of the market may have been different, or many other things not affected by the attachment.

[2] The court did not commit reversible error in sustaining defendant's objection to plaintiff's question:

"Did any manufacturer or person from whom you bought pianos refuse to sell you, or change, the terms of sale, after the issuance of the attachment?"

For aught that appears, the witness might have answered "No," and plaintiff did not inform the court otherwise.

The foregoing will also apply to questions made the basis of assignments Nos. 4 and 5.

Charge 5, made the basis of assignment 6, was properly given. Bell et al. v. Seals Piano & Organ Co., 201 Ala. 428, 78 South. 806.

[3] Charge 13 has been approved in Birmingham Stove Co. v. Lawler, 11 Ala. App. 534, 66 South. 897; Birmingham Ry. Co. v. Humphries, 171 Ala. 291, 54 South. 613.

[4] Charge 12 asserts a correct proposition of law as applied to the facts in this case. The burden is upon the plaintiff in an action for damages to furnish proof from which the jury can determine the amount of damages, if any, to which the plaintiff is entitled, and if the plaintiff fail in this the jury cannot supply the omission by speculation. Ritter v. Hoy, 2 Ala. App. 358, 56 South. 814; Ala. R. R. Co. v. Hall, 105 Ala. 599, 17 South. 176.

The question of the amount of damages to which plaintiff was entitled was properly submitted to the jury, and we see no good reason for disturbing the verdict. The court did not err in overruling the motion for a new trial. The judgment is affirmed.

Affirmed.