167 So. 264

## JONES et al. v. GANTT.

### 4 Div. 870.

Supreme Court of Alabama.
March 19, 1936.

Rehearing Denied April 23, 1936.

E. O. Baldwin, of Andalusia, for appellants.

Powell, Albritton & Albritton, of Andalusia, for appellee.

BROWN, Justice.

Action of assumpsit by the appellee against appellants, to recover a balance alleged to be due plaintiff on the purchase price of standing timber on a large tract of land sold and conveyed to the defendants.

The evidence shows that the agreed price was $2,500.00; $1,000 was paid in

cash, and the balance was "to be paid * * * $5.00 per 1000 feet as is cut and loaded until said $1500.00 is paid in full," the parties stipulating that the defendants, the grantees in the deed, "be allowed two years from the date thereof within which to cut and remove said timber."

The plaintiff's evidence further shows that defendants made six payments on the balance, aggregating $670.63.

Under the plea of the general issue, pleaded in short by consent with leave to give in evidence any matter that would constitute a good defense, as if specially pleaded, the defendants undertook to show a set-off against plaintiff's demand, in that the plaintiff, after the sale and conveyance of the timber to defendants, went on the land and cut quantities of the timber covered by the conveyance; and also that he took, from the mill yard of defendants, quantities of manufactured timber for which plaintiff had not paid.

While the evidence offered by the defendants, embraced in the bill of exceptions, goes to show that plaintiff did go on the land and cut several trees, and the amount of lumber in said trees, and also that plaintiff took some quantity of lumber from the mill yard, yet no evidence of the value of the trees or of the lumber is offered.

Therefore, though it be conceded that error intervened in the adverse rulings on evidence going to show the quantity of lumber and timber taken, it was without injury, in the absence of some evidence of value. Such data was necessary to warrant the jury in finding for the defendants on the plea of set-off. Tennessee Coal, Iron & R. Co. v. Wilhite, 211 Ala. 195, 100 So. 135; Seals Piano & Organ Co. v. Bell et al., 17 Ala.App. 331, 84 So. 779; Ritter et al. v. Hoy et al., 2 Ala. App. 358, 56 So. 814.

There was no exception to the oral charge of the court; therefore, assignments of error predicated on asserted erroneous instructions in the oral charge cannot be sustained. McPherson v. State, 198 Ala. 5, 73 So. 387.

There is no error on the record.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.