The plaintiff, Avco Financial Services, Inc., brought this action against Richard H. Ramsey IV, pursuant to the Alabama Legal Services Liability Act (Ala. Code 1975, § 6-5-570 et seq.), for damages resulting from Avco's claimed reliance on a title opinion issued by Ramsey that failed to disclose a pre-existing mortgage. The plaintiff appeals from a judgment for the defendant. We reverse and remand with instructions.
In August 1990, Fred Kilcrease and his wife Rosemarie Kilcrease applied for a loan from Avco. The loan was to be secured, in part, by real estate owned by the Kilcreases in Houston County, Alabama; their ownership was evidenced by a warranty deed to them from Betty Peters (Mrs. Kilcrease's mother).
Avco hired Ramsey to perform a title search regarding the Kilcreases' real estate and to submit a title opinion to Avco. Avco's manager, Norman Tew, testified that he relied on Ramsey's title opinion, which stated that the Kilcreases owned the real estate free of prior encumbrances, when he approved the Kilcreases' loan application. Avco lent the Kilcreases approximately $16,000 and took what Avco believed to be a first mortgage on the Kilcreases' real estate as security for the loan.
The Kilcreases made the monthly payments to Avco for approximately one year and then defaulted. Avco then received notice that the Kilcreases had filed a bankruptcy petition. Tew testified that he attended a bankruptcy hearing, that he contacted the Kilcreases' lawyer, and that he learned that the Kilcreases' indebtedness to Avco would not be reaffirmed in the bankruptcy proceeding. Tew also testified that at this same bankruptcy hearing he learned for the first time that the real estate mortgaged to Avco was in fact subject to a prior mortgage executed by the Kilcreases' grantor to First Alabama Bank in 1989. *Page 942 
Avco sued Ramsey under Alabama's Legal Services Liability Act, claiming damages for harm it alleged had proximately resulted from Ramsey's failure to discover and disclose to Avco the existence of the prior mortgage on the Kilcreases' property. Ramsey's answer contained a general denial and an assertion that Avco had failed to mitigate its damages in the matter, which assertion the trial judge treated as an affirmative defense. Following a nonjury trial, the judge entered the following order:
 "I have considered the evidence from the trial proceedings on March 25, 1993, and have entered judgment for the defendant. In so doing, I have made the findings of law and fact set out in this order.
 "As a matter of undisputed fact, I have determined that Richard H. Ramsey IV was a licensed attorney in the State of Alabama at all times material to this lawsuit. Further, he undertook to write a title opinion for the plaintiff at the latter's request in his professional capacity.
 "The plaintiff has shown by a preponderance of the evidence that the letter failed to mention a mortgage by Betty Peters to First Alabama Bank, that the defendant had failed to notice the mortgage and that his failure to do so constituted a breach of the standard of care applicable to the defendant's law practice. The plaintiff relied on the title opinion in making the final decision to lend money to the Kilcreases. As a result of the defendant's failure to disclose the mortgage, the plaintiff held a second mortgage on the property instead of the intended first mortgage.
 "The plaintiff's expert testified to the availability of a procedure to lift the Kilcreases' stay in bankruptcy to permit foreclosure. The deed from Peters to the Kilcreases contained a warranty of title, which had the legal effect of warranting the conveyance against encumbrances not disclosed on its face. The deed's failure to recite the mortgage to First Alabama Bank constituted a breach of that warranty. The plaintiff's expert further testified that foreclosure by the plaintiff would have transferred the Kilcreases' right to clear the encumbrance at the expense of Betty Peters.
 "I have therefore determined that the plaintiff has failed to mitigate its damages as required by law and I have therefore entered judgment for the defendant."
The issues are whether the trial court erred in holding that Avco failed to mitigate its damages; and, if it did so fail, whether that failure bars its recovery of damages for harm resulting from Ramsey's failure to include within his title opinion, which was requested of him by Avco, the recorded, unsatisfied mortgage.
We begin our analysis by recognizing the long-standing rule that the law imposes upon all parties who seek recompense from another a duty to mitigate their losses or damages. Aetna LifeInsurance Co. v. Lavoie, 470 So.2d 1060 (Ala. 1984). It is equally well established that a plaintiff can recover only for that damage or loss that would have been sustained if the plaintiff had exercised such care as a reasonably prudent person would have exercised under like circumstances to mitigate the damage or loss (Equilease Corp. v. McKinney,52 Ala. App. 109, 289 So.2d 809 (1974)); and whether the plaintiff has sufficiently mitigated the damages, generally speaking, is a question of fact. Carnival Cruise Lines, Inc. v. Goodin,535 So.2d 98 (Ala. 1988).
Stated otherwise, the injured or damaged party is legally bound to lessen the recoverable damages so far as is practicable by the use of ordinary care and diligence. Thus, the rule of mitigation requires a party suffering injury, damage, or loss to take reasonable steps to reduce it.
The rule of mitigation finds its application only in the context of evidence from which the factfinder may reasonably infer that the claimant rejected a reasonable course of action that an ordinarily prudent person would have taken under similar circumstances to minimize the injury, damage, or loss. In other words, the party seeking to invoke the rule must meet a threshold "sufficiency of the evidence" test, lest the issue be resolved against the movant as a matter of law. The rule does not apply where the *Page 943 
injured party, in an effort to minimize the loss, would be required to incur considerable personal risk or expense with but a slight chance of an alternative recovery. Id.
If the mitigation issue is raised as a special defense, thereasonableness standard, then, by which all prongs of this defense are tested, is threefold. First, the injured party is required to take all reasonable steps to reduce the loss; second, if the proffered evidence substantially supports conflicting reasonable inferences as to whether the claimant has complied with the duty set out in item one, the issue is a factual one and should be submitted for resolution by the factfinder; and, third, if there is no substantial evidence to support an inference that the damages could have been lessened by reasonable efforts and expense, without undue risk, the application of the rule is due to be rejected as a matter of law.
Avco contends that the evidence in this case falls within item three. The three-step requirement imposed by the trial court's final judgment, Avco says, does not meet the threshold evidentiary test, under which the proponent of the rule has the burden of proving facts, by substantial evidence, from which the factfinder could reasonably infer the requisite elements of the defense. We agree.
The three-step requirement imposed by the judgment is as follows: First, Avco should have taken the appropriate legal steps to remove the stay order of the bankruptcy court; second, Avco should have foreclosed its second mortgage; and, third, while standing in the Kilcreases' shoes, as grantees, Avco should have proceeded against Mrs. Kilcrease's mother, as grantor, for breach of her warranty of title.
Even if we assumed that these requirements are a legally correct list of the appropriate steps available to Avco for the exhaustion of its remedies against a third party, we would nevertheless be constrained to hold that, as a matter of law, these steps constitute unreasonable prerequisites to Avco's right to proceed against Ramsey. Thus, we conclude that the trial court erred in applying the mitigation doctrine under the facts of this case.
The three steps outlined in the trial court's judgment are incomplete and are far more risky, time-consuming, and expensive than they are made to appear in the judgment. The law of mitigation does not impose upon the damaged party the duty to expend good money to chase the bad; nor does it impose an absolute duty to first exhaust all other remedies.
The judgment, therefore, is reversed; and the cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, INGRAM and COOK, JJ., concur.