RICHARD L. HOLMES, Retired Appellate Judge.
Avco Financial Services (Avco) filed a complaint against Richard H. Ramsey IV under the Aabama Legal Services Liability Act (Ala.Code 1975, §§ 6-5-570 through -581). In this complaint Avco alleged that Ramsey negligently conducted a title search which resulted in damages to Avco.
The trial court, sitting without a jury, entered an order, wherein it found that Avco had established all of the elements necessary to support a negligence claim against Ramsey. However, the trial court found in favor of Ramsey due to its finding that Avco had failed to mitigate damages as required by law.
Avco appealed the trial court’s order, which found in favor of Ramsey. Our supreme court reversed the judgment and remanded the case to the trial court. See Avco Financial Services, Inc. v. Ramsey, 631 So.2d 940 (Ala.1994). The issues before our supreme court in the first appeal were whether the trial court erred when it determined that Avco failed to mitigate its damages and, if Avco failed to mitigate, whether such failure bars its recovery of damages from Ramsey. Our supreme court determined that “the trial court erred in applying the mitigation doctrine under the facts of this case.” Avco, 631 So.2d at 943.
On remand, the trial court issued an order, wherein it entered judgment in favor of Avco and awarded damages in the amount of $17,-019.44. Ramsey’s post-judgment motion was denied.
Ramsey appeals. This ease is before this court pursuant to Aa.Code 1975, § 12-2-7(6). We affirm.
The dispositive issue is whether the trial court committed reversible error when it awarded, as damages, the full balance due and payable under the terms of the loan, which was extended by Avco in reliance on the title search conducted by Ramsey.
Ramsey contends that the proper amount of damages, if any, is the fair market value of the property on which the title opinion was rendered and that the trial court committed reversible error when it awarded as damages the full balance due and payable under the terms of the loan extended by Avco.
Our supreme court has previously determined in Malloy v. Sullivan, 387 So.2d 169, 170 (Ala.1980), that “[t]he elements of an action against an attorney in his professional capacity for negligence are essentially no different from those of any other negligence suit.” It is well settled that in order to recover in a negligence action, one must prove the existence of a duty, a breach of that duty, and that the breach of that duty proximately caused the injury, and damages. Herston v. Whitesell, 348 So.2d 1054 (Ala.1977).
In C. Gamble, Alabama Law of Damages, § 1-2 (2d ed. 1988), we find the following statement: “[A] party may recover all his damages if they flow directly and naturally from the breach and are not speculative.” (Emphasis added.) The standard measure of damages in a case such as the present one is the loss which resulted from the negligence. C. Gamble, Alabama Law of Damages, § 36-43 (2d ed. 1988). We would note the following statement from C. Gamble, Alabama *144 Law of Damages, § 36-43 (2d ed. 1988): “This measure of damages has been commented upon as being the same as that which governs other torts.”
As previously noted, the trial court determined in its initial order that Avco had established all of the elements necessary to support a negligence claim against Ramsey. On remand, the trial court determined that the measure of damages was $17,019.44, which was the balance due under the terms of the loan extended by Avco.
The trial court found in its initial order that Avco relied upon the title opinion in making its final decision to extend the loan. Consequently, in this case the loss which resulted from the negligence of Ramsey was the unpaid balance due under the terms of the loan extended by Avco.
In light of the above, the judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.