PITTMAN, Judge.
Howard Ross appeals from a judgment entered by the Madison Circuit Court (“the trial court”) in a civil action he had brought against, among others, West Wind Condominium Association, Inc. (“West Wind”). We affirm in part, reverse in part, and remand.
This is the second appeal involving Ross’s claims against West Wind. In Ross v. West Wind Condominium Ass’n, 153 So.3d 29 (Ala.Civ.App.2012), this court affirmed summary judgments the trial court had entered in favor of West Wind and Joseph London III; however, in Ex parte Ross, 153 So,3d 43 (Ala.2014), our supreme court reversed this court’s judgment, and we subsequently reversed the summary judgments in favor of West Wind and London and remanded the cause to the trial court for further proceedings consistent with the supreme court’s opinion. Ross v. West Wind Condo, Ass’n, 153 So.3d 52 (Ala.Civ.App.2014).
The supreme court’s opinion recites the following facts that are pertinent to this appeal:
“Howard Ross owned four condominium units within the West Wind condominium community. On August 2, 2005, Ross and West Wind agreed that West Wind would accept maintenance and repair work from Ross in lieu of his paying the condominium association’s monthly dues. West Wind informed Ross in September 2006 that further work would not be necessary and that he should start paying the dues. Ross paid his dues monthly starting in December 2006. When Ross made his payments for April and May 2007, West Wind rejected those payments and sent Ross a letter through its attorney, A. Mac Mar-tinson, disputing Ross’s charges for the maintenance and repair work that Ross had performed. Through an attorney named Patrick Jones, Ross submitted an itemized list of charges for his work done for West Wind, but Ross never received any further correspondence from West Wind.
“On December 3, 2007, West Wind recorded instruments in the office of the Probate Judge of Madison County claiming liens on Ross’s four condominium units. On January 18, 2008, West Wind published notice of a foreclosure sale on Ross’s units in a local newspaper and continued publishing the notice for four weeks. On February 15, 2008, West Wind conducted foreclosure sales on Ross’s four condominium units and was the highest bidder as to all of them. That same day, the auctioneer executed foreclosure deeds conveying the four units to West Wind. On March 3, 2008, West Wind conveyed two of the units to Jimmy Spruill and Cynthia Spruill, one unit to Joseph London III (who was president of West Wind), and one unit to Delvin Sullivan.”
153 So.3d at 44-45.
In 2008, Ross sued West Wind, London, Jimmy Spruill, Cynthia Spruill, and Delvin Sullivan, alleging, among other things, that the foreclosure sales were invalid because, he said, West Wind had failed to give Ross “reasonable advance notice” of the foreclosure sales as required by § 35-8A-316(a), Ala.Code 1975.[1] Thereafter, the trial court *441 entered a default judgment against Sullivan and entered summary judgments in favor of London, the Spruills, and West Wind; however, those judgments did not dispose of the Spruills’ cross-claims against West Wind and their counterclaims against Ross. In April 2011, the Spruills and West Wind stipulated to the dismissal, without prejudice, of the Spruills’ cross-claims against West Wind, and the trial court entered an order dismissing those cross-claims without prejudice. On July 22, 2011, the Spruills executed quitclaim deeds conveying title to the two condominium units they had purchased from West Wind to Ross in consideration of Ross’s paying the Spruills $8,000, and Ross- and the Spruills filed a stipulation to the dismissal, with prejudice, of Ross’s claims against the Spruills and the Spruills’ counterclaims against Ross. Also on July 22, 2011, Ross filed a postjudgment motion challenging the summary judgment in favor of West Wind. On July 25, 2011, the trial court entered an order dismissing, with prejudice, Ross’s claims against the Spruills and the Spruills’ cross-claims against Ross. That same day, the trial court entered an order denying Ross’s postjudgment motion. Ross then appealed from the summary judgments in favor of West Wind and London. As noted above, this court affirmed those summary judgments in Ross v. West Wind, 153 So.3d at 42; the supreme court reversed this court’s judgment in Ex parte Ross, 153 So.3d at 49; and this court subsequently reversed the summary judgments in favor of West Wind and London and remanded the cause to the trial court for further proceedings consistent with the supreme court’s opinion, Ross v. West Wind, 153 So.3d at 52.
After remand, the trial court held a bench trial at which it received evidence ore tenus. Following the trial, the parties stipulated in writing to some of the facts pertinent to a decision in the action and filed post-trial briefs. In his post-trial brief, Ross argued that West Wind’s foreclosures of his condominium units were invalid because, he said, he had not been afforded the “reasonable advance notice” of the foreclosures required by § 35-8A-316(a). He further argued that, because the foreclosures were invalid, he was entitled to have title to those condominium units restored to him, to recover damages from West Wind, and to recover an attorney fee from West Wind pursuant to § 35-8A-414, Ala.Code 1975, which provides, in pertinent part:
“If a declarant or any other person subject to [the Alabama Uniform Condominium Act of 1991, § 35-8A-101 et seq., Ala.Code 1975,] fails to comply with any provision hereof ..., any person or class of persons adversely affected by the failure to comply has a claim for actual damages or appropriate equitable relief. The court, in an appropriate case, may award reasonable attorney’s fees....”
Ross, who had not introduced any evidence establishing the amount of the attorney fee he had incurred, stated in his post-trial brief that “[he would] submit an itemized statement for his attorney’s fees upon the request of the Court.”
After the parties submitted their written stipulation of facts and filed their post-trial briefs, the trial court entered a judgment finding that West Wind had failed .to give Ross the reasonable advance- notice required by § 35-8A-316(a) and that, therefore, the foreclosure sales conducted by West Wind were invalid. As relief, the *442 judgment ordered that title to the condominium units be restored to Ross. However, the judgment denied Ross’s claim seeking damages from West Wind on the ground that “Ross [had] failed to provide any, much less sufficient, evidence upon which any damage award could reliably be based” and denied his claim seeking recovery of an attorney fee from West Wind.
Ross timely filed a postjudgment motion asserting that the trial court had erred insofar as it had denied his claims seeking to recover damages and an attorney fee from West Wind. The trial court denied Ross’s postjudgment motion, and he then timely appealed. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.[2]
Because the trial court received evidence ore tenus, our review is governed by the following principles:
“ ‘ “ ‘[Wjhen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.”” Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Phil-pot v. State, 843 So.2d 122, 125 (Ala. 2002)). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Waltman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Waltman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
Ross first argues that the trial court erred insofar as it denied his claim seeking to recover damages from West Wind because, he says, he proved that the invalid foreclosures of the two condominium units that West Wind had subsequently conveyed to the Spruills had proximately caused him to pay the Spruills $8,000 as consideration for their executing a quitclaim deed restoring title to those two condominium units to him. We agree that the doctrine of mitigation of damages required him to minimize his damages by acquiring title to those condominium units from the Spruills. See Auburn’s Gameday Ctr. at Magnolia Corner Owners Ass’n v. Murray, 138 So.3d 317, 328 (Ala.Civ.App. 2013) (“ ‘[T]he law imposes upon all parties who seek recompense from another a duty to mitigate their losses or damages.’” (quoting Avco Fin. Servs., Inc. v. Ramsey, 631 So.2d 940, 942 (Ala.1994))). Accordingly, because the undisputed evidence indicated that Ross had paid the Spruills $8,000 in order to acquire title to those two condominium units from them, we conclude that the trial court erred in determining that Ross had introduced no evidence that would support an award of damages with respect to those two condominium units.
Ross next argues that the trial court erred in denying his claim seeking to recover damages from West Wind because, he says, London testified that, after evicting Ross’s tenants from the condominium unit London had purchased from West Wind, London had rented the unit to a *443 tenant for $300 per month, and, therefore, according to Ross, he established that he had lost $300 per month from the date London evicted Ross’s tenants until the date the trial court entered the judgment now before us. London testified as follows:
“[Ross’s counsel:] You are not occupying [the condominium unit that you purchased from West Wind after it was foreclosed]?
“A. Just recently I occupied it. When I first purchased it, I had problems with it. Mr. Ross had—still had people living in it, and I couldn’t get them out. Every time I called the police, they said it was a civil matter. So for upwards of at least a year, year and a half, he still had people living in it, collecting rent from them.
“Q. For a year, year and a half?
“A. At least a year. He had somebody in it, and I couldn’t get them out. I had contacted [the attorney who was representing me then]. They just kept saying it was a civil matter, so we would have to go to court. Eventually I got them out. But, yeah, for the first portion of it I couldn’t get—tenants were living there, and I couldn’t get them out. Even the tenants there were saying, ‘It’s his. Don’t pay me rent, pay him rent.’ I guess he had already—since he had already pre-established that they were in there. He even came in and changed the locks on it one time.
“Q. Did you have any—so you never collected any rent for approximately a year after you purchased it?
“A. Probably about a year at least, if not more.
“Q. Since then, you have been renting it out. How much have you been renting it out per month?
“A. I have only rented it for probably about six months. The people moved out. A little bit longer than six months. Then it was just a monthly—$300 a month.
“Q. Three hundred dollars a month?
“A. Yes.
“Q. So is that pretty much the standard units—
“A. No, it probably would go for more. It was a two-bedroom....”
West Wind preserved for our consideration the affirmative defense of failure to mitigate damages by pleading it in its answer. See Prudential Ballard Realty Co. v. Weatherly, 792 So.2d 1045, 1048 (Ala. 2000) (holding that mitigation of damages is an affirmative defense that must be pleaded); and Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala. 2003) (holding that an appellate court can affirm a trial court’s judgment on any valid legal ground subject to the exception, among others, that it cannot do so on the basis of an unpleaded affirmative defense). However, West Wind did not introduce any evidence tending to prove that any damages arising from the foreclosure of the condominium unit West Wind conveyed to London “could have been lessened by [Ross’s] reasonable efforts and expense, without undue risk,” and, therefore, “the application of the rule [requiring a plaintiff to mitigate his, her, or its damages] is due to be rejected as a matter of law” with respect to that condominium unit. Avco Fin. Servs., Inc. v. Ramsey, 631 So.2d at 943.
In Continental Volkswagen, Inc. v. Soutullo, 54 Ala.App. 410, 414, 309 So.2d 119, 122-23 (1975), this court stated:
“The burden is on the plaintiff in an action for damages to furnish proof from which the [fact-finder] can determine the amount of damages, if any, to which plaintiff is entitled and if plaintiff fails in *444 this the [fact-finder] cannot supply the omission by speculation, Seals Piano & Organ Co. v. Bell, 17 Ala.App. 331, 84 So. 779 [ (1920) ].
“The amount of damages must be fairly proved and not left to guess or conjecture. Kershaw Mining Co. v. Lankford, 213 Ala. 630, 105 So. 896 [ (1925) ].”
London testified that he had been able to rent the condominium unit conveyed to him by West Wind for only six months or “a little bit longer than six months” and that the rent he received had been $300 per month. Ross did not introduce any evidence tending to prove that that condominium unit could have been rented for a longer period than six months or that it could have been rented for a specific amount that was more than $300 per month. Thus, any damages in excess of $1,800 ($300 multiplied by six months equals $1,800) would be speculative; however, Ross proved that he had suffered damages in the amount of $1,800 as a proximate result of the invalid foreclosure of the condominium unit West Wind had conveyed to London. Thus, the trial court erred insofar as it concluded that Ross had failed to prove any damages with respect to that condominium unit.
Finally, Ross argues that the trial court erred in denying his claim seeking to recover an attorney fee from West Wind. However, § 35-8A-414 provides that “[t]he court, in an appropriate case, may award reasonable attorney’s fees,... ” (Emphasis added.) The plain language of § 35-8A-414 provides that a trial court’s authority to award an attorney fee pursuant to that Code section is limited to a case that is “an appropriate case.” Moreover, that Code section does not indicate what constitutes “an appropriate case.” Thus, we infer that the determination of whether a “case” is “appropriate” for an attorney-fee award under § 35-8A-414 and, if so, what the amount of a suitable award would be in such “an appropriate case” are matters that are within the discretion of the trial court. Moreover, we conclude that the trial court did not improperly exercise its discretion in determining that this was not “an appropriate case” for an attorney-fee award pursuant to § 35-8A-114.
In summary, we reverse the judgment of the trial court insofar as it denied Ross’s claim seeking to recover damages from West Wind, we affirm the trial court’s judgment in all other respects, and we remand the cause to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. In pertinent part, that Code section provides:
“The [condominium] association has a lien on a unit for any assessment levied against that unit ... from the time the assessment .,, becomes due. The association’s lien may be foreclosed in like manner as a mortgage on real estate but the association shall *441 give reasonable advance notice of its proposed action to the unit owner....”
(Emphasis added.)

. The trial court's judgment was not adverse to Ross with respect to his claim against London; therefore, London is not a party to this appeal.